IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00834-DDD-NRN

AMY WARDLAW,

    Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER,
TOWN OF OLATHE,
DAVID PEARSON
ROGELIO PACHECO, and
GEORGETTE BLACK,

    Defendants.

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, **WESTERN COLORADO REGIONAL DISPATCH CENTER**, by its attorneys **ERIC M. ZIPORIN** and **JAMES T. KADOLPH**, of the law firm **SGR, LLC** and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Amended Complaint [#43] as follows:

### I. ANSWER

1. Defendant admits the allegations contained in paragraphs 4, 6, 7, 8, 9, 11, 12, 14, 18, 19, 22, 24, 41, 46, 154, 155, 156, 170, 173, 174, 234, and 257 of Plaintiff's Amended Complaint.

2. Defendant denies the allegations contained in paragraphs 74, 75, 84, 108, 109, 111, 118, 119, 124, 125, 138, 144, 151, 152, 153, 158, 224, 225, 226, 260, 261, and 262 of Plaintiff's Amended Complaint.

3.      Defendant is without sufficient information or belief to form an opinion on the veracity of the allegations contained in paragraphs 10, 13, 15, 16, 17, 20, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 38, 39, 40, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 110, 112, 113, 114, 115, 122, 123, 126, 130, 132, 133, 134, 135, 137, 139, 140, 141, 142, 143, 145, 146, 147, 150, 160, 161, 163, 164, 167, 169, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196. 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 235, and 248 and therefore deny the same.

4.      Defendant does not respond to the allegations contained in paragraphs 1, 2, 3, 5, 21, 37, 220, 222, 223, 227, 228, 229, 230, 232, 233, 237, 238, 239, 240, 241, 243, 244, 245, 246, 247, 249, 250, 251, 252, 253, 254, 256, 258, 259, 263, 264, 265, and 266 of the Amended Complaint as said paragraphs contain no facts to which a response is required. To the extent a response is required, Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the allegations and, as a result, deny the same.

5.      Defendant hereby incorporates its responses to the allegations that are incorporated and/or re-alleged in paragraphs 221, 231, 242, 255, 267, 273, 280, 291 304, 331, 339 and 348 of Plaintiff's Amended Complaint.

6.      Defendant does not respond to paragraphs 116, 117, 268, 269, 270, 271, 272, 274, 275, 276, 277, 278, 279, 281, 282, 283, 284, 285, 286, 287, 288, 289 290, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 332, 333, 334, 335, 336, 337, 338, 340, 341, 342, 343, 344, 345, 346, 347, 349, 350, 351, 352, 353, 354, 355, and 356 of

the Amended Complaint as said paragraphs are not directed toward Defendant and no response is required. To the extent a response is required, Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the allegations and therefore denies the same.

7. With regard to the allegations in ¶ 23 of the Amended Complaint, Defendant admits that Plaintiff was promoted to Public Safety Telecommunicator Supervisor. Defendant denies Plaintiff's characterizations of her performance at her previous position and the remainder of the allegations in said paragraph.

8. With regard to the allegations in ¶ 34 of the Amended Complaint, Defendant admits that Roland Hutson worked as a dispatcher at WestCo. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

9. With regard to the allegations in ¶ 69 of the Amended Complaint, Defendant admits that Plaintiff reported an incident to Ms. Stollsteimer via email. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

10. With regard to the allegations in ¶ 73 of the Amended Complaint, Defendant admits that an investigation revealed further incidents that had occurred in the dispatch center. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

11. With regard to the allegations in ¶ 89 of the Amended Complaint, Defendant admits that Olathe Mayor Roland Hutson was working as a dispatcher on the night of April 4, 2021, when Ms. Wardlaw was unlawfully touched by Officer Pearson. Defendant lacks sufficient information

and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

12. With regard to the allegations in ¶ 120 of the Amended Complaint, Defendant admits that Ms. Wardlaw and Director Stollsteimer met to discuss the incident on April 6, 2021. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same. With regard to the allegations in ¶ 121 of the Amended Complaint, Defendant admits that Plaintiff was given the option of filing a police report with two different agencies. Defendant denies that these were the only two options available to Plaintiff and the remaining allegations in said paragraph.

13. With regard to the allegations in ¶ 127 of the Amended Complaint, Defendant admits that Plaintiff filed a police report. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

14. With regard to the allegations in ¶ 128 of the Amended Complaint, Defendant admits that Ms. Stollsteimer offered her support to Plaintiff and assured her that Mr. Pearson would not come into the dispatch center. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

15. With regard to the allegations in ¶ 129 of the Amended Complaint, Defendant admits that Ms. Wardlaw met with Detective Michelle Berry to provide a statement. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

16. With regard to the allegations in ¶ 131 of the Amended Complaint, Defendant admits that Plaintiff and Ms. Stollsteimer spoke after Plaintiff completed the police report.

Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

17. With regard to the allegations in ¶ 136 of the Amended Complaint, Defendant admits that Plaintiff indicated that she was considering leave. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

18. With regard to the allegations in ¶ 148 of the Amended Complaint, Defendant admits that Plaintiff inquired about the status of the investigation at one point. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

19. With regard to the allegation in ¶ 149 of the Amended Complaint, Defendant admits that Plaintiff inquired about the status of the criminal investigation. Defendant denies Plaintiff's recounting of Ms. Stollsteimer's response and her characterization of the same and the remaining allegations in said paragraph.

20. With regard to the allegations in ¶ 157 of the Amended Complaint, Defendant admits that Plaintiff inquired as to the substance of Defendant's internal investigation into her conduct. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

21. With regard to the allegations in ¶ 159, Defendant admits that the internal investigation of Plaintiff's conduct began in early May of 2021. Defendant denies Plaintiff's characterization of that fact and the remaining allegations in said paragraph.

22. With regard to the allegations in ¶ 162, Defendant admits that Plaintiff was unable to access her accounts with Defendant as a result of the internal investigation. Defendant denies

Plaintiff's allegations regarding the timing of this action, and Plaintiff's characterization of the same.

23. With regard to the allegations in ¶ 165, Defendant admits that Plaintiff's access to some work accounts was limited as a result of the internal investigation. Defendant denies the remaining allegations in this paragraph.

24. With regard to the allegations in ¶ 166, Defendant admits that Plaintiff was interviewed by Jessica Tice as a result of the internal investigation. Defendant lacks sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

25. With regard to the allegations in ¶ 168, Defendant admits that Plaintiff was under investigation for having a particular relationship with Mr. Compton, for referring to other dispatchers as "fat asses," for telling other dispatchers that "snitches get stiches" and that "whoever she doesn't like does not work there long." Defendant denies that these were the only grounds for the internal investigation.

26. With regard to the allegations in ¶ 171, Defendant admits that the internal investigation found that Plaintiff violated Defendant's policy against workplace bullying. Defendant denies the remaining allegations in this paragraph.

27. With regard to the allegations in ¶ 172, Defendant admits that Plaintiff met with Ms. Stollsteimer to discuss the results of the internal investigation. Defendant denies Plaintiff's characterization of this meeting and denies Plaintiff's allegations regarding the timing of this meeting.

28. With regard to the allegations in ¶ 175, Defendant admits that the WestCO Board of Directors have the power to cause an employee's termination. Defendant lacks sufficient

information and knowledge to form a belief as to the veracity of the remaining allegations and therefore denies the same.

29. With regard to the allegations in ¶ 236, Defendant admits that Plaintiff filed a police report and gave statements regarding the same. Defendant denies the remaining allegations in this paragraph.

30. Defendant denies those allegations not expressly admitted herein.

## II.   DEFENSES

1. Defendant denies that they retaliated against Plaintiff because of her police report that was filed against David Pearson.

2. Plaintiff's damages, if any, were proximately caused by her own conduct or the conduct of others and not by reason of any unconstitutional conduct by Defendant.

3. Plaintiff may have failed to mitigate her damages, if any.

4. Plaintiff's damages, if any, are not to the nature and extent alleged.

5. No act or omission of any Defendant caused any violation of the Plaintiff's rights under the Constitution or under Title VII.

7. At all times pertinent herein, Defendant acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

8. Defendant acted reasonably to prevent a hostile work environment at their workplace.

9. Plaintiff did not provide notice of a hostile work environment and Defendant did not have notice of any alleged previous hostile actions taken by third parties in the workplace.

10. Defendant provided proper training and reporting services to employees to report any hostile work environment.

11. Defendant reserves the right to add such defenses as become apparent through discovery.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant prays for judgment in their favor as follows:

A. Dismissing Plaintiff's Amended Complaint with prejudice;

B. Entering judgment in favor of Defendant and against Plaintiff for costs, expert witness fees, and attorney fees; and

C. Such other and further relief as this Court deems just and proper under the circumstances.

### III. JURY DEMAND

**DEFENDANT HEREBY DEMAND A TRIAL TO A JURY ON ALL ISSUES HEREIN JOINED.**

Respectfully submitted this 10th day of July, 2023,

**SGR, LLC**

By: */s/ Eric M. Ziporin*
Eric M. Ziporin, #30133

By: */s/ James T. Kadolph*
James T. Kadolph, #56813
*Attorneys for Defendant WestCo*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2023, I electronically filed a true and correct copy of the above and foregoing **Answer to Plaintiff's Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

at@rmlawyers.com
fbg@rmlawyers.com
Azra Taslimi
Felipe Bohnet-Gomez
RATHOD | MOHAMEDBHAI LLC
*Counsel for Plaintiff Amy Wardlaw*

mkloster@ndm-law.com
npoppe@ndm-law.com
Marni Nathan Kloster
Nicholas Christaan Poppe
*Counsel for Defendant Town of Olathe*

peter@lasaterandmartin.com
Peter H. Doherty
Lasater & Martin, P.C.
*Counsel for Defendant David Pearson*

jonathan@kandf.com
julie@kandf.com
Jonathan Marshall Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
*Counsel for Defendant Rogelio Pacheco*

djg@bhgrlaw.com
shelby.deeney@bhgrlaw.com
David James Goldfarb
M. Shelby Deeney
Berg Hill Greenleaf & Ruscitti LLP
*Counsel for Defendant Georgette Black*

        *s/ James T. Kadolph*
        Attorney