**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-834-DDD-NRN

AMY WARDLAW,

      Plaintiff,

      v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity;
TOWN OF OLATHE, a municipality;
DAVID PEARSON;
ROGELIO PACHECO; and
GEORGETTE BLACK;

      Defendants.

---

**SCHEDULING ORDER**

---

    **1.**      **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

    A scheduling conference in this case was held on July 25, 2023 at 11:00 a.m. via

telephone conference. The parties were represented at the conference as follows:

**For Plaintiff:**

Felipe Bohnet-Gomez
Azra Taslimi
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
at@rmlawyers.com

**For Defendants:**

Peter H. Doherty
5251 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Telephone: 303-730-3900
Facsimile: 303-730-3939
E-mail: Peter@LasaterandMartin.com
*Attorney for Defendant David Pearson*

Marni Nathan Kloster and/or Nicholas Poppe
Nathan Dumm & Mayer P.C.
7900 E. Union Ave., Suite 600
Denver, CO 80237
(303) 691-3737
mkloster@ndm-law.com
Npoppe@ndm-law.com
*Defendant Town of Olathe*

David J. Goldfarb
Berg Hill Greenleaf Ruscitti LLP
1712 Pear Street
Boulder, CO 80302
(303) 402-1600
djg@bhgrlaw.com
*Attorney for Georgette Black*

Jonathan Abramson, Esq.
Yulia Nikolaevskaya, Esq.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
Telephone: 303-320-6100
Email: jonathan@kandf.com   julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

Eric M. Ziporin
James T. Kadolph
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: 303-320-0509
E-mail: eziporin@srllc.com
         jkadolph@sgrllc.com
*Attorneys for Defendant WestCO*

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et seq.* Plaintiff alleges jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also alleges jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988. Finally, Plaintiff alleges jurisdiction over Plaintiff's pendant state law claims is proper under 28 U.S.C. § 1367(a) because Plaintiff's claims arise from a common nucleus of operative fact.

## 3. STATEMENT OF CLAIMS AND DEFENSES
### a. Plaintiff:

Ms. Amy Wardlaw alleges that her rights under Title VII and the United States and Colorado constitutions were violated when she was sexually assaulted by Olathe Police Officer David Pearson while working at Western Colorado Regional Dispatch Center ("WestCO") on April 4, 2021. She has filed claims against multiple defendants, including the Town of Olathe, Police Chief Rogelio Pacheco, Police Sergeant Georgette Black, Olathe Police Officer David Pearson, and her employer WestCO.

Officer Pearson's on-duty, intentional sexual assault of Ms. Wardlaw, in which he abused his position of authority and literally seized her by grabbing her breast--and for which he has pled guilty to a crime—was unjustified by any legitimate governmental interest. Consequently, Officer Pearson's conduct violated the Fourth Amendment, as well as the Fourteenth Amendment's Equal Protection clause and substantive due

process protections, and their counterparts under the Colorado Constitution's bill of rights.

The Town of Olathe, Chief Pacheco and Officer Pearson's Supervising Sergeant, Georgette Black, are also responsible for Officer Pearson's actions. Officer Pearson has a documented history of sexually harassing female dispatchers at WestCO, including Ms. Wardlaw, as well as female colleagues and women in the Town of Olathe. Despite having direct knowledge of the misconduct, Defendants recklessly and deliberately ignored the problem. This allowed Officer Pearson to retain his position, interact with the public and exploit the authority of his badge to victimize Ms. Wardlaw. As a result of Defendants' deliberate indifference and inaction, Ms. Wardlaw sustained serious injury and harm. She has asserted a § 1983 Municipal Liability claim against the Town of Olathe for their failure to screen, train, supervise, and discipline Officer Pearson as well as claims for supervisory liability against Chief Pacheco and Sergeant Black.

Ms. Wardlaw also asserts claims against her employer, WestCO for engaging in discriminatory practices. These practices include subjecting her to sexual harassment and creating a sexually hostile work environment in violation of Title VII and the Equal Protection Clause of the Fourteenth Amendment. Despite prior complaints to management regarding Officer Pearson, WestCO neglected to take action to prevent Officer Pearson from accessing the dispatch center or protect female dispatchers from his harassment. Following Ms. Wardlaw's report of Officer Pearson's assault to law enforcement, investigators began scrutinizing WestCO's leadership for their inadequate

4

response. As a result, WestCO retaliated against Ms. Wardlaw, terminating her on pretextual grounds of "bullying" and "violat[ing] rules of ethics." Ms. Wardlaw had never received any prior complaints or been made aware of such concerns previously. WestCO's retaliatory termination of Ms. Wardlaw's employment not only violated her rights under Title VII but also infringed upon her First Amendment protection to engage in constitutionally protected speech.

### b. Defendants:

Western Colorado Regional Dispatch Center: Defendant Western Colorado Regional Dispatch Center ("WestCO") is Plaintiff's former employer. Defendant WestCO denies Plaintiff's allegations of misconduct, or that WestCO violated Plaintiff's civil rights under the Colorado or United States Constitutions. Specifically, Defendant denies that Plaintiff's employment was retaliated against for filing a police report. Defendant asserts the following defenses, in part: (1) Plaintiff failed to provide notice of an allegedly hostile work environment, (2) Defendant acted reasonably to prevent a hostile work environment; and (3) Defendant provided proper training and reporting services to employees to report any hostile work environment.

Town of Olathe: The Town denies that it engaged in wrongdoing or that, even as amended after the filing of the Town's Motion to Dismiss, that Plaintiff has a valid cause of against the Town. The Town denies that Defendant Pearson was acting under the color of law or on behalf of the Town as to the events in question. Various facts and legal authority, as discussed in the Town's original Motion to Dismiss, provide support for the

lack of a valid cause of action. Similarly, the absence of certain factual information demonstrates the lack of a valid cause of action.

David Pearson. Defendant David Pearson, an officer formerly employed with the Town of Olathe Police Department denies the allegations of misconduct and specifically denies that his actions violated the Plaintiff's rights under either the United States or Colorado Constitutions. Defendant Pearson intends to file a motion to dismiss as to some, if not all, of the Plaintiff's claims. As affirmative defenses, Defendant will assert, in part, the following: (1) Plaintiff's Complaint fails to state a claim upon which relief may be granted; (2) One or more claims asserted against Defendant may be barred or limited by the doctrine of qualified immunity or sovereign immunity; (3) Plaintiff's claims pursuant to C.R.S. § 13-21-131, fail to state a claim or are otherwise unconstitutional, as applied, and (4) incorporates by reference the affirmative defenses of the remaining Defendants.

Rogelio Pacheco: Rogelio Pacheco ("Chief Pacheco"), former elected Police Chief of Town of Olathe, denies all allegations against him as alleged in Plaintiff's Amended Complaint. Chief Pacheco denies that he is liable to Plaintiff under 42 U.S.C. § 1983. Plaintiff failed to state a viable constitutional claim against Defendant Pearson under Section 1983 and, therefore, failed to allege a viable constitutional violation against Chief Pacheco pursuant to supervisory liability. Chief Pacheco is entitled to qualified immunity. Chief Pacheco anticipate asserting the additional following defenses: 1) Plaintiff's Amended Complaint fails to state a valid claim upon which relief may be granted, 2) Chief Pacheco, to the extent properly sued in his individual capacity, is entitled to Qualified Immunity inasmuch as his actions did not violate the constitutional rights of Plaintiff, did

not violate clearly established law at the time of the events at issue, and were undertaken with a good faith belief in the lawfulness of his actions, 3) subject matter jurisdiction is lacking inasmuch as Plaintiff's claims fail to rise to the level of a deprivation of federal constitutional rights, 4) Plaintiff's injuries, damages and losses, if any, are the result of a third-party intentional conduct, 5) Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff, 6) Plaintiff's damages, if any, were not approximately caused by any act or omission of Chief Pacheco, 7) at all times material, Plaintiff was accorded all rights, privileges and immunities guaranteed them by the Constitution and laws of the United States of America, 8) Plaintiff's claims against Chief Pacheco are substantially frivolous and groundless, entitling Chief Pacheco to recover his reasonable expenses, including attorneys' fees, pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 11, 9) Plaintiff has failed to reasonably mitigate her damages, if any, and has failed to exercise due diligence in an effort to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly and 10) Plaintiff has failed to allege and cannot establish an affirmative link between the actions of Defendant Pearson and Chief Pacheco and the alleged constitutional injury. Chief Pacheco reserves the right to assert any and all additional affirmative defenses.

<u>Georgette Black</u>.  Defendant Georgette Black, formerly a sergeant with the Olathe Police Department, denies the substantive allegations in Ms. Wardlaw's Amended Complaint. Defendant Black will file a motion to dismiss the § 1983 supervisory liability claim, the sole claim pled against her, outlined in the operative complaint. Defendant Black questions whether Defendant Pearson was even acting under color of state law

such that he could have triggered a supervisory liability claim under the circumstances. Defendant Black denies that she failed to take action or otherwise ignored any harassing behavior by Defendant David Pearson directed toward Mr. Wardlaw. In the event the Court denies her Rule 12(b)(6) motion, Defendant Black anticipates asserting affirmative defenses to include:(1) qualified immunity; (2) Ms. Wardlaw's may have failed to state a claim for supervisory liability upon which relief can be granted; (3) Ms. Wardlaw's injuries or damages, if any, were proximately caused by her own acts or omissions; (4) Ms. Wardlaw's damages may be barred or reduced by her failure to mitigate damages; (5) Ms. Wardlaw's claims for punitive damages may be reduced by the due process clause. Defendant Black further intends to incorporate by this reference all affirmative defenses asserted by any other defendant in this action and also reserves the right to amend any answer to include additional defenses and affirmative defenses or to delete defenses or affirmative defenses that become inapplicable upon completion of additional investigation and discovery.

## 4. UNDISPUTED FACTS

**The following facts are undisputed by all parties:**

1.  Venue is proper within this District under 28 U.S.C. § 1391(b).

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff**:   Plaintiff seeks back pay damages for the full amount of salary to date, plus approximately 33% salary as the value of benefits, minus mitigation earnings, if any. Plaintiff seeks front pay in lieu of reinstatement up to and including through the dates of intended retirement where applicable.

Plaintiff claims economic losses and compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other losses; Plaintiff seeks punitive damages to maximum amount for all claims allowed by law in an amount to be determined at trial; declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate; as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief.

Plaintiff additionally seeks a tax-offset where appropriate. For the vast majority of Americans, a lump-sum payment of damages will temporarily push them into a higher tax bracket in the year that the award is collected. Plaintiff intends to request a tax-offset to restore them to their rightful economic status. A tax offset serves to make Plaintiff whole for the loss of access to money that would have been available but for the Defendants' unlawful conduct. The amount of relief required to make a party whole varies from case to case depending on the individual's tax liability and the size of the award. Generally, the tax offset is calculated by comparing the marginal tax rate for tax-filers of a similar profile (e.g., married, unmarried, family), as found in the IRS Revenue Procedures, and then calculating the percent of additional award needed to offset the bracket creep and higher tax penalty that arises as a result of the one-time lump payment. *See EEOC v. Beverage Dist. Co.*, LLC, Civ. No. 11-cv-02557, 2013 WL 6458735, *7-8 (D. Colo. Dec. 9, 2013), *aff'd in relevant part at* 780 F. 3d 1018, 1023-24 (10th Cir. 2015).

Plaintiff seeks pre- and post-judgment interest at the Colorado Statutory Rate of

8%.

Plaintiff seeks attorneys' fees and costs.

**Plaintiff** seeks injunctive and equitable relief as the Court finds appropriate.

b. Defendants: Defendants are not seeking damages but reserve the right to seek attorneys' fees and costs to which they may be entitled.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on June 17, 2023, via video conference.

**b.  Names of each participant and party he/she represented.**

The following counsel participated in the 26(f) meeting: Felipe Bohnet-Gomez and Azra Taslimi represented Plaintiff. Nicholas C. Poppe represented the Town of Olathe. Yulia Nikolaevskaya represented Defendant Rogelio Pacheco. David J. Goldfarb represented Defendant Georgette Black. Peter H. Doherty represented Defendant David Pearson. James Kadolph represented Defendant WestCO.

**c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made no later than August 14, 2023.

**d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have agreed to exchange Rule 26(a)(1) disclosures by August 14, 2023. Defendant WestCO has agreed to disclose Plaintiff's complete personnel files

and all internal investigation files pertaining to Plaintiff, under Rule 26(a)(1) upon entry

of a Protective Order.

**e.     Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.

**f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties agree to take all reasonable steps to reduce discovery and

reduce costs.

(3) The Parties anticipate filing a Joint Stipulated Motion for Protective Order.

**g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties anticipate that there may be discovery of electronically stored

information such as cell phone data, e-mails, and social media posts, if any. The parties

will work together to facilitate the discovery of such information and to produce it in the

best format. The Parties agree to adhere to the Sedona principles regarding electronic

discovery disputes.

**h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff and Defendants WestCO and Olathe conducted an unsuccessful

prelitigation mediation in 2022. The Parties have discussed the possible settlement of

the case and the possibility of engaging in alternative dispute resolution or mediation.

No agreement has been reached, but the Parties will continue to communicate regarding possible settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a.** **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

*See* Section 8(c).

**b.** **Limitations which any party proposes on the length of depositions.**

The Parties currently agree to limit the length of depositions to seven (7) hours of actual deposition time, although at least some of the Defendants are concerned that given the number of parties and number of discrete claims that more than 7 hours will be necessary.

**c.** **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose the following limitations:

- Twenty-five (25) requests for production, twenty-five (25) requests for admission, and twenty-five (25) interrogatories for Defendant WestCO.

- Plaintiff proposes a combined limit of twenty-five (25) requests for production, twenty-five (25) requests for admission, and twenty-five (25) interrogatories from Defendants Olathe, Pearson, Black, and Pacheco to Plaintiff. Defendant Olathe and Defendants Pearson, Black, and Pacheco (collectively, the "Individual Defendants") propose a combined limit of thirty-five (35) requests for production,

thirty-five (35) interrogatories and thirty-five (35) requests for admission to Plaintiff. Defendant Olathe and Individual Defendants may divide their interrogatories, requests for productions and requests for admission between them as they see fit.

- A limit of twenty-five (25) requests for production, twenty-five (25) requests for admission, and twenty-five (25) interrogatories for Plaintiff to issue to Defendant WestCO;

- Plaintiff proposes to issue the same number of requests for production, admission, and interrogatories to Defendants Olathe, Pearson, Black, and Pacheco as the court allows them to request from Plaintiff. Defendant Olathe and the Individual Defendants propose a combined limit of thirty-five (35) requests for production, thirty-five interrogatories (35) and thirty-five (35) requests for admission for Plaintiff to issue to Defendant Olathe and the Individual Defendants. Plaintiff may divide her requests for production, interrogatories and requests for admission between Defendant Olathe and the Individual Defendants as she sees fit.

   **d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** February 5, 2024.

   **e.     Other Planning or Discovery Orders:** None at this time.

### 9. CASE PLAN AND SCHEDULE

   **a.     Deadline for Joinder of Parties and Amendment of Pleadings:** September 8, 2023.

   **b.     Discovery Cut-off**: April 19, 2024.

   **c.     Dispositive Motion Deadline**: May 27, 2024. Defendant Pacheco proposes this deadline also apply to 702 and 704 motions.

**d.     Expert Witness Disclosure**:

    **1.  The parties shall identify anticipated fields of expert testimony, if any.**

<u>Plaintiff</u>: Plaintiff may endorse two or more experts to testify with respect to the Plaintiff's economic damages and human resources standards and practices regarding sexual harassment, internal investigations, and/or employee discipline.

<u>Defendants</u>:

Western Colorado Regional Dispatch Center: Defendant WestCO anticipates endorsing two experts: (1) an expert in damages related to the damages claimed by Plaintiff against WestCO; and (2) an expert in human resources and employment practices.

Town of Olathe. The Town may endorse one or more experts in the fields of police and/or municipal employment or practices and other areas as appropriate.

David Pearson.  Defendant David Pearson anticipates endorsing two experts, one expert to testify as to economic losses related to the claimed constitutional violations and a human resources/employment practices expert. It is anticipated that the economic damages expert can be jointly retained on behalf of the Olathe Defendants.

Rogelio Pacheco: Chief Pacheco anticipates calling an expert in the fields of police procedure, training, and employment practices; and any expert necessary for rebuttal and/or impeachment purposes in the fields set forth by Plaintiff.

Georgette Black.  Defendant Black may endorse two experts, one expert to testify as to economic losses related to the claimed constitutional violations and a human

resources/employment practices expert. As noted by Defendant Pearson, it is anticipated that the economic damages expert can be jointly retained on behalf of the Olathe Defendants.

### 2. Limitations which the parties propose on the use or number of expert witnesses.

The Parties propose the following limits on retained experts, not including rebuttal experts:

- Plaintiff: four (4) retained experts.

- Defendant WestCO: two (2) retained experts.

- Plaintiff proposes a limit of two (2) retained experts combined for Defendants Olathe, Pacheco, Black, and Pearson. Defendant Olathe and Defendants Pacheco and Black propose: two (2) retained experts, per party. These shall not be included in the number of depositions of fact witnesses as identified in Section 8(a) but are in addition to those fact witness depositions. Defendants Olathe, Pacheco, and Black propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert. Defendant Pearson proposes that Defendant Olathe and the individual defendants are permitted one jointly retained expert to testify as to economic damages, and that the Town of Olathe and each individual Defendant be permitted to retain a separate standard of care expert to testify as to standard of human resources and/or police practices.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 15, 2023.** This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C)**.**

**4.** The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 16, 2024.** This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C)**.** Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by court. In addition to the requirements set forth in Rule 26(a)(2)(B)(10-vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

**e.**   Identification of Persons to Be Deposed

*Preliminary List of Depositions*:

**Plaintiff**:

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Defendant Pearson | 7 hours |
| Defendant Pacheco | 7 hours |
| Defendant Black | 7 hours |
| Mandy Stollsteimer | 7 hours |
| Roland Huston | 7 hours |
| Rule 30(b)(6) of Defendant Olathe | 7 hours |
| Rule 30(b)(6) of Defendant WestCO | 7 hours |
| Nathan Compton | 7 hours |

**Defendants:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff Amy Wardlaw | 7 hours |
| Plaintiff's experts | TBD |
| Nathan Compton | TBD |
| Roland Hutson | TBD |

| Any witness called by Plaintiff or disclosed by Plaintiff in Plaintiff's disclosures. | TBD |
|---|---|
| Any additional fact or scene witness identified in discovery. | TBD |
| | |

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____

b.      A final pretrial conference will be held in this case on _____at

o'clock _____m. A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than seven (7) days before the final pretrial

conference.

## 11. OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a seven (7) day jury trial.  Plaintiffs and Defendant

WestCO have requested a trial to a jury.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of ____, 2023

BY THE COURT:

_____
United States Magistrate Judge

**APPROVED:**

**For Plaintiff:**

*s/ Felipe Bohnet-Gomez*

Felipe Bohnet-Gomez
Azra Taslimi
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
fbg@rmlawyers.com
at@rmlawyers.com

**For Defendants:**

*s/ Peter Doherty*
Peter H. Doherty
5251 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Telephone: 303-730-3900
Facsimile: 303-730-3939
E-mail: Peter@LasaterandMartin.com
*Attorney for Defendant David Pearson*

*s/ Marni Kloster*
Marni Nathan Kloster and/or Nicholas Poppe
Nathan Dumm & Mayer P.C.
7900 E. Union Ave., Suite 600
Denver, CO 80237
(303) 691-3737
mkloster@ndm-law.com
Npoppe@ndm-law.com
*Defendant Town of Olathe*

*s/ David Goldfarb*
David J. Goldfarb
Berg Hill Greenleaf Ruscitti LLP
1712 Pear Street
Boulder, CO 80302
(303) 402-1600
djg@bhgrlaw.com
*Attorney for Georgette Black*

*s/ Julie Nikolaevskaya*
Jonathan Abramson, Esq.
Yulia Nikolaevskaya, Esq.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209

19

Telephone: 303-320-6100
Email: jonathan@kandf.com    julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

*s/ James Kandolph*
Eric M. Ziporin
James T. Kadolph
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: 303-320-0509
E-mail: eziporin@srllc.com
          jkadolph@sgrllc.com
*Attorneys for Defendant WestCO*