**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*Civil Action No.: 23-cv-00834-DDD-NRN*

---

AMY WARDLAW,

    Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity,
TOWN OF OLATHE, a municipality,
DAVID PEARSON,
ROGELIO PACHECO, and
GEORGETTE BLACK,

    Defendants.

---

**DEFENDANT PACHECO'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND (ECF 43)**

---

Defendant Rogelio Pacheco ("Chief Pacheco"), by and through counsel of record, Jonathan M. Abramson, Esq. and Yulia Nikolaevskaya, Esq., of Kissinger & Fellman, P.C., hereby files this Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand (ECF 43) ("Motion"). In support thereof, Chief Pacheco states as follows.

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)
AND JUDGE DANIEL D. DOMENICO'S PRACTICE STANDARDS (CIVIL CASES)
(Revised: December 2019)**

Undersigned counsel for Chief Pacheco, Yulia Nikolaevskaya, Esq., certifies that she conferred with counsel for Plaintiff, Felipe Bohnet-Gomez, Esq., via email on July 21, 2023 regarding the specific deficiencies in Plaintiff's First Amended Complaint and Jury Demand (ECF 43) ("FAC"), as it pertains to Chief Pacheco. Mr. Bohnet-Gomez indicating that Plaintiff is opposed to Chief Pacheco's Motion to Dismiss.

1

## INTRODUCTION

Plaintiff's FAC arises out of an incident that occurred while Plaintiff was working as a dispatcher for Western Regional Dispatch Center ("WestCO") and Defendant Pearson ("Pearson") was on shift working as a police officer for Defendant Town of Olathe ("Olathe"). FAC, ¶¶4, 5, 15 and 38. Plaintiff was a supervisor with WestCO and, as was the nature of her job, routinely worked with various law enforcement officers. FAC, ¶¶23, 46-50. Chief Pacheco was Olathe's elected Police Chief. FAC, ¶16. Olathe is one of the constituent enforcement agencies served by WestCO. FAC, ¶13. During the incident, Defendant Pearson ("Pearson") sexually assaulted Plaintiff and was criminally charged. Pearson did not work for WestCO, was not Plaintiff's supervisor and did not have any authority over Plaintiff. The actions of Pearson toward Plaintiff are criminal and reprehensible. However, Pearson's liability to Plaintiff is subject to tort liability and not subject to Section 1983 liability. Because Pearson's actions arise in tort, Plaintiff cannot allege a viable Section 1983 claim against Chief Pacheco. Even if Plaintiff can overcome the difficult hurdle of alleging a viable Section 1983 claim against Pearson, Plaintiff cannot allege a viable Section 1983 supervisory liability claim against Chief Pacheco.

## STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to accept as true legal conclusions and mere conclusory statements. *See id.* at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Moya v. Schollenbarger,* 465 F.3d 444, 455-57 (10th Cir. 2006) (when considering a Rule 12(b)(6) motion, a court may consider only facts actually alleged and should disregard all conclusory allegations made without supporting factual averments).

## ARGUMENT

**A. Plaintiff Failed to Allege a Viable Section 1983 Violation Against Pearson and, Therefore, Cannot Allege a Section 1983 Supervisory Liability Claim Against Chief Pacheco.**

"[N]ot every condemnable act by a public official represents a constitutional violation." *Williams v. Berney*, 519 F.3d 1216, 1225 (10th Cir. 2008). A §1983 claim is comprised of two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

1. <u>Plaintiff Failed to Allege a Viable Equal Protection Violation Against Pearson.</u>

The Amended Complaint's broad and unsupported allegation that Plaintiff was singled out based on her gender fails to allege a viable constitutional violation. Plaintiff and Pearson did not work for the same employer and Pearson was not Plaintiff's supervisor. **Thus, Plaintiff failed to**

3

**allege that she was discriminated against by a state actor who used his government position to exert authority over the plaintiff.**

The Tenth Circuit recognizes that sexual harassment is actionable under §1983 as a violation of the Equal Protection Clause. *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994). In such a case, the key inquiry is whether the defendant has abused his or her state-given position to discriminate against the plaintiff based on gender. *Id.* The Plaintiff must show that a violation was committed by a state actor who used his government position to exert authority over the plaintiff. *See, e.g.*, *Johnson v. Martin*, 195 F.3d 1208, 1217-18 (10th Cir. 1999) (applicants for city permits suing city officials); *Murrell v. School Dist. No. 1, Denver, Colorado*, 186 F.3d 1238, 1250-51 (10th Cir. 1999) (parent of public school student suing school officials); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1174-75 (10th Cir. 1997) (applicant for day care license suing state official); *Noland v. McAdoo*, 39 F.3d 269, 271-72 (10th Cir. 1994) (employee suing public employer); *Woodward v. City of Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992) (employees suing public employers); *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (employee suing public employer).

In this case, Pearson was not Plaintiff's employer and was not Plaintiff's supervisor, as Plaintiff was employed by WestCO and Pearson was employed by Olathe. FAC, ¶¶4, 15. Plaintiff herself was a Public Safety Telecommunicator Supervisor with WestCO. FAC, ¶23. Both worked for different agencies and interacted only because both were on shift at the same time and as part of work-related activities. Plaintiff was required, as part of her job, to interact with various law-enforcement members. FAC, ¶¶47, 48. The FAC does not sufficiently allege and cannot sufficiently allege that Pearson had any authority over Plaintiff. Plaintiff cannot credibly allege

that she was criminally assaulted by Pearson because he was working on behalf of the Olathe Police Department ("OPD"). At the time Plaintiff was assaulted, Pearson was committing a crime which cannot constitute governmental action, especially because Pearson was explicitly told by his supervisor, Sgt. Black, and Olathe's Mayor Hutson "not to touch" people at the dispatch center. Comp., ¶¶94, 104. Thus, Plaintiff failed to allege a viable constitutional violation under the Equal Protection Clause.

2. Plaintiff Failed to Allege a Viable Substantive Due Process Claim Under the Fourteenth Amendment.

**The FAC fails to allege a viable substantive due process claim pursuant to the Fourteenth Amendment, because a claim for sexual assault, which occurred outside the assailant's scope of employment, cannot serve as a basis for a substantive due process violation.**

To state a claim for substantive due process under the Fourteenth Amendment, a plaintiff must show that government action either (1) infringed upon his fundamental right; or (2) was shocking to the conscience. *See Seegmiller v. Laverkin City*, 528 F.3d 762, 767 (10th Cir. 2008). Claims under the right to bodily integrity are only available in very narrow circumstances, such as abortions, end-of-life decisions, birth control decisions and instances where individuals were subjected to dangerous and invasive procedures with personal liberty restrained. *See Moore v. Guthrie*, 438 F.3d 1036, 1039-40 (10th Cir. 2006). "An assault—standing alone—does not suffice to make out a constitutional substantive due process claim." *Williams*, 519 F.3d. at 1223 (finding no substantive due process violation for criminal act of physical assault where defendant was not authorized to use force in performing his daily job and did not rely on the authority of his official position during the commission of the assault). "[W]hat differentiates a constitutional transgression from an ordinary common law tort is a 'level of executive abuse of power . . . that .

. . . shocks the conscience.'" *Id*. at 1220 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Because governmental actors operating in their official capacities are ordinarily afforded latitude, the court recognizes constitutional torts only "in the narrowest of circumstances." *Becker v. Kroll*, 494 F.3d 904, 922 (10th Cir. 2007). "The tortious conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing *government* power. . . . [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Williams*, 519 F.3d at 1221 (citing *Livsey v. Salt Lake County,* 275 F.3d 952, 957-58 (10th Cir. 2001) (emphasis added) (quotation omitted)).

As discussed above, Plaintiff's assault occurred pursuant to criminal and unsanctioned conduct by Pearson. Pearson and Plaintiff were never employed by the same agency, Pearson never supervised Plaintiff and never had any authority over Plaintiff. Pearson was instructed by his direct supervisor, Sgt. Black, not to go to the dispatch center unless it was necessary and not to touch dispatchers while at the center. FAC, ¶104. Pearson committed a crime when he assaulted Plaintiff, and such acts are not a government action and, therefore, are outside the narrow scope of the Fourteenth Amendment.

3. <u>Plaintiff Failed to Allege a Viable Fourth Amendment Unlawful Seizure Violation.</u>

The FAC fails to allege a viable Fourth Amendment violation against Pearson and, therefore, cannot allege a viable supervisory liability claim against Chief Pacheco. **The FAC does not allege that Plaintiff was ever seized, restrained or detained within the meaning of the Fourth Amendment.**

In *Torres v. Madrid*, 141 S. Ct. 989, 998 (2021), the Supreme Court affirmatively stated that

"the application of the common law rule does not transform every physical contact between a government employee and a member of the public into a Fourth Amendment seizure." Pursuant to *California v. Hodari D*., 499 U.S. 621, 624 (1991), the word "seizure" means bringing something within physical control by application of physical force. "[T]he first step in any Fourth Amendment claim (or, as in this case, any section 1983 claim predicated on the Fourth Amendment) is to determine whether there has been a constitutionally cognizable seizure." *Medeiros v. O'Connell*, 150 F.3d 164, 167 (2d Cir. 1998). A "seizure" occurs when police detain an individual under circumstances in which a reasonable person would believe he or she is not at liberty to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id*.

In this case, Plaintiff was never seized by Pearson for the purposes of the Fourth Amendment. The interaction between Pearson and Plaintiff occurred in a work-related setting. The FAC does not allege that this interaction was intended by Pearson as a part of the legitimate law enforcement activity or that Pearson intended to restrain Plaintiff for Fourth Amendment purposes. In addition, Plaintiff was clearly not restrained or seized at any point because, as alleged in the FAC, upon unwanted touching from Pearson Plaintiff "elbowed Officer Pearson away in protest." FAC, ¶65. Plaintiff's FAC fails to allege a viable Fourth Amendment violation against Pearson.

4. <u>Pearson's Private Criminal Actions Were Not Performed Under Color of Law.</u>

**Plaintiff cannot allege a viable constitutional violation against Pearson because Pearson's actions were not performed under color of law.** In order for liability to attach pursuant to §1983, the conduct at issue must be fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "The traditional definition of acting under color of state law requires that the [defendants] in a [§]1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted). "It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). Moreover, "it is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *Id.* at 494.

The under color of law determination rarely depends on a single, easily identifiable fact, such as the officer's attire, the location of the act, or whether or not the officer acts in accordance with his or her duty. *David v. City and Cty. of Denver*, 101 F.3d 1344, 1352-53 (10th Cir. 1996) (citing *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995)). Instead, one must examine "the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." *Id.*

Even on-duty law enforcement officers do not act under color of law in certain circumstances. *Bacon v. Allen*, 2008 U.S. Dist. LEXIS 83411, at *19-23 (D. Kan. Oct. 16, 2008), citing to *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (police officers who staged a robbery of a

8

convenience store (as a practical joke on an acquaintance who worked there) did not act under color of law because they did not use their state authority to carry out their plan).

It is clear from the facts pled in Plaintiff's FAC, that Pearson's actions committed an intentional criminal act of assault. The pure criminal nature of Pearson's conduct cannot be attributed to the OPD. Assaulting Plaintiff was not part of Pearson's official duties, and the circumstances of Pearson's actions are personal in nature. FAC, ¶70 (Pearson had Plaintiff's personal phone number and was able to contact Plaintiff on Plaintiff's personal phone). They are not related to any actions under color of law. Plaintiff's FAC lacks facts to show a connection between Pearson's conduct and Pearson's "badge" of state authority in order to demonstrate his action was taken "under color of state law". Thus, Plaintiff's FAC failed to allege a viable Section 1983 violation against Pearson and cannot allege a viable Section 1983 violation against Chief Pacheco.

**B. Even if Plaintiff Can Allege a Viable Section 1983 Violation Against Defendant Pearson, Plaintiff Cannot Allege a Viable Supervisory Liability Claim Against Chief Pacheco.**

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). It appears that in this case Plaintiff's claim against Chief Pacheco is in his individual capacity and based on supervisory liability.[1]

---

[1] If Plaintiff's claim against Chief Pacheco is in the Chief's official capacity, this Court should dismiss Chief Pacheco from this action. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted), *see also Bueno v. Chekush*, 355 F. Supp. 3d 987 (D. Colo. 2018) (dismissing official capacity claims as barred pursuant to the Eleventh Amendment). In the District of Colorado, individual defendants named in their official capacity have been dismissed from the case because the individuals had no decision-making authority. *See Saleh v. Fed. Bureau of Prisons*, 2008 U.S. Dist. LEXIS 110087 (D. Colo. July 29, 2008). "Particularly where the individual defendants have not also been sued in their individual capacities, courts have found that the prudent and preferable course is for plaintiffs to sue the entity itself." *Id.* at 16-17 (citations omitted); *see e.g. Davoll v. Webb*, 943 F. Supp. 1289, 1295 (D. Colo. 1996). Naming both is redundant and leads to confusion.

A plaintiff may succeed on a §1983 supervisory liability claim by showing that the defendant (1) "promulgated, created, implemented or possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm"; and (2) "acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). "[A] plaintiff must satisfy three elements to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Rustgi v. Reams*, 2021 U.S. Dist. LEXIS 81831, at *20 (D. Colo. 2021), citing *Estate of Strong v. City of Northglenn, Colo.*, 2018 U.S. Dist. LEXIS 58219, 2018 WL 1640251, at *5 (D. Colo. 2018) (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014)). A claim for supervisory liability requires "an affirmative link between the supervisor and the constitutional violation, meaning more than a supervisor's mere knowledge of his subordinate's conduct." *Id.* (internal quotation marks omitted).

**In this case, Plaintiff failed to plead Chief Pacheco's personal involvement, causal connection and culpable state of mind required to sufficiently allege supervisory liability.**

1. Personal Involvement.

For supervisory liability, "[p]ersonal participation is an essential allegation in a 1983 claim." *Doe v. Woodard*, 912 F.3d 1278, 1290 (10th Cir. 2019), *citing Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). A supervisor cannot be held vicariously liable for the constitutional violations of subordinates. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2003) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.")

**In this case, Plaintiff failed to plead Chief Pacheco's personal participation in any alleged**

**constitutional violation. Pearson's actions were criminal in nature, do not constitute constitutional violation and were not performed in the course of Pearson's employment.** Plaintiff did not allege that Chief Pacheco was on the scene of the incident or directed Pearson's actions. FAC, pp. 1-48. Therefore, Plaintiff's supervisory liability claim against Chief Pacheco is legally deficient.

2. Causal Connection.

"The second element requires the plaintiff to show that the defendant's alleged action(s) caused the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). "A plaintiff [must] establish the 'requisite causal connection' by showing 'the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.'" *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010) (quoting *Poolaw v. Marcantel*, 565 F.3d 721, 732-33 (10th Cir. 2009)); *see also Starr v. Baca*, 652 F.3d 1202, 1218 (9th Cir. 2011) ("The requisite causal connection can be established [] by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." (internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (2012).

**In this case, Plaintiff failed to allege a causal connection between Chief Pacheco's pre-incident actions and the alleged constitutional violations by Pearson.** The FAC does not allege that Plaintiff, at any time, brought her concerns about Pearson to Chief Pacheco, or ever made a direct official complaint with the OPD regarding Pearson's action. FAC, pp. 1-48. Even if Chief Pacheco was aware of a general prior single complaint from some unnamed WestCO dispatch staff regarding Chief Pacheco, Chief Pacheco assigned Sgt. Black to deal with the complaint. FAC,

11

¶¶97, 99, 100. Sgt. Black was Pearson's direct supervisor. Chief Pacheco believed that Sgt. Black had told Pearson that he was not allowed to go to the WestCO Dispatch Unit unless for official business and that said restriction was communicated to WestCO. FAC, ¶¶99-100.

Nothing in Plaintiff's conclusory allegations provides a causal connection between Pearson and Chief Pacheco that culminated in the alleged specific criminal sexual assault of Plaintiff. Conclusory allegations are insufficient to establish the causal connection necessary to plead a supervisory liability claim. *See Handy v. Cummings*, 2013 U.S. Dist. LEXIS 41282, at *14 (D. Colo. 2013). Thus, Plaintiff's supervisory claim against Chief Pacheco must be dismissed with prejudice.

3. <u>Culpable State of Mind.</u>

The third element requires the plaintiff to show that the defendant took the alleged actions with the requisite state of mind. *See Schneider*, 717 F.3d at 769. Precisely what state of mind is required for individual liability depends on the type of claim a plaintiff brings. *See Iqbal*, 556 U.S. at 676; *Dodds*, 614 F.3d at 1204-05. The applicable state of mind for a substantive due process claim is deliberate indifference. *See Schneider*, 717 F.3d at 769.

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Deliberate indifference can be satisfied by evidence showing that the defendant "knowingly created a substantial risk of constitutional injury." *Dodds*, 614 F.3d at 1206. "[A] local government policymaker is deliberately indifferent when he deliberately or consciously fails to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type

12

experienced by the plaintiff." *Hollingsworth v. Hill*, 110 F.3d 733, 745 (10th Cir. 1997) (internal quotation marks omitted).

**Plaintiff failed to sufficiently allege that Chief Pacheco was deliberately indifferent by disregarding the consequence of his action or by knowingly creating a substantial risk of constitutional injury.** The FAC contains nothing but conclusory allegations as to failure to train and supervise. As argued in Section B.2., not only Chief Pacheco supervised Pearson, Sgt. Black, Pearson's direct supervisor, was instructed by Chief Pacheco to address the allegations of Pearson's inappropriate behavior towards dispatchers. In addition, Plaintiff's FAC fails to allege that Chief Pacheco was a final policymaker for the Town of Olathe as to internal discipline related issues of employees. FAC, ¶16.

In addition, the Tenth Circuit recently held that a government entity is not obligated to explicitly train officers not to engage in criminal conduct: "[W]e are not persuaded that a plainly obvious consequence of a deficient training program would be the sexual assault of inmates." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1288 (10th Cir. 2019) (citation omitted); *see also Andrews v. Fowler*, 98 F.3d 1069, 1077 (8th Cir. 1996) ("In light of the regular law enforcement duties of a police officer, we cannot conclude that there was a patently obvious need for the city to specifically train officers not to rape young women."). Accordingly, no additional specified training would be needed to put Pearson on notice that he may not assault an individual.

Therefore, Plaintiff failed to factually plead how Chief Pacheco was deliberately indifferent and therefore, knowingly created a risk of constitutional injury to Plaintiff. Plaintiff's FAC does not contain any facts to show that Plaintiff made specific allegations of inappropriate behavior by Pearson directly to Chief Pacheco. Plaintiff's pleading failure is fatal to any claim Plaintiff may

allege against Chief Pacheco based on supervisory liability. Plaintiff's supervisory claims against Chief Pacheco should be dismissed as factually and legally deficient.

## CONCLUSION

The FAC fails to state a claim for supervisory liability against Chief Pacheco based upon the criminal actions of Pearson. Based on the above arguments, Chief Pacheco requests this Court grant his Motion to Dismiss with Prejudice.

Dated: July 21, 2023

                                               KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
3773 Cherry Creek North Drive, Suite 900
Denver, Colorado 80209
Phone: 303-320-6100 Fax: 303-327-8601
Email: jonathan@kandf.com
      julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Azra Taslimi, Esq. [at@rmlawyers.com]
Felipe Bohnet-Gomez, Esq. [fbg@rmlawyers.com]
*ATTORNEYS FOR PLAINTIFF*

Marni Nathan Kloster, Esq. [MKloster@ndm-law.com]
Nicholas C. Poppe, Esq. [NPoppe@ndm-law.com]
*ATTORNEYS FOR DEFENDANT TOWN OF OLATHE*

James Kadolph, Esq. [jkadolph@sgrllc.com]
*ATTORNEY FOR DEFENDANT WESTERN COLORADO REGIONAL DISPATCH CENTER*

David J. Goldfarb, Esq. [djg@bhgrlaw.com]
*ATTORNEY FOR DEFENDANT GEORGETTE BLACK*

Peter H. Doherty, Esq. [peter@lasaterandmartin.com]
*ATTORNEY FOR DEFENDANT DAVID PEARSON*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name: N/A

*s/ Elizabeth Jackson*
Elizabeth Jackson, Paralegal
Kissinger & Fellman, P.C.