**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-00834-DDD-NRN

AMY WARDLAW

       Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity;
TOWN OF OLATHE, a municipality;
DAVID PEARSON,
ROGELIO PACHECO; and
GEORGETTE BLACK

       Defendants.

---

**DEFENDANT DAVID PEARSON'S MOTION TO DISMISS**

---

Defendant, **DAVID PEARSON,** by his attorneys, **LASATER & MARTIN, P.C.,** pursuant to Fed. R. Civ. P. 12(b)(6), and the doctrine of qualified immunity, submits this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 43], and states as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to DDD Civ. P.S. III(D), undersigned counsel has conferred with Plaintiff's counsel, who objects to the requested relief.  Further, the asserted deficiencies are not correctable by amendment.

**I. INTRODUCTION**

Plaintiff alleges that in April 2021, Amy Wardlaw, a WestCO dispatcher, was sexually assaulted at her place of employment by Olathe Police Officer David Pearson.  During the incident,

Defendant Pearson gave Ms. Wardlaw a "side hug." (Complaint, Doc. 43 ¶57) As Plaintiff looked at her computer screen, "Officer Pearson wrapped both his arms around Ms. Wardlaw and pressed them onto her breasts." (Complaint, Doc. 43 ¶63)   Plaintiff's Complaint alleges six constitutional claims against Defendant Pearson:

- 42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection (Against Defendant Pearson) (Fifth Claim for Relief)
- 42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process (Against Defendant Olathe and Pearson) (Sixth Claim for Relief)
- 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure (Against Defendant Olathe and Pearson (Seventh Claim for Relief)
- C.R.S. § 13-21-131 Colo. Const. Art. II, Section 7 Unlawful Seizure (Against Defendant Olathe and Pearson) (Eighth Claim for Relief)
- C.R.S. § 13-21-131 Colo. Const. Art. II, Section 25 – Due Process (Against Defendant Pearson) (Eleventh Claim for Relief)
- C.R.S. § 13-21-131 Colo. Const. Art. II, Section 3, Section 25, and Section 29 – Equal Protection (Against Defendant Pearson) (Twelfth Claim for Relief)

Defendant Pearson seeks dismissal of all six constitutional claims.

## II. STATEMENT OF FACTS

Plaintiff alleges the following.  Plaintiff Amy Wardlaw worked at the Western Colorado Regional Dispatch Center ("WestCO") as a dispatcher until June 11, 2021. (Complaint, Doc. 43 ¶4)   Defendant David Pearson was a police officer employed by the Olathe Police Department ("OPD") (Doc. 43 ¶15) Plaintiff alleges that at all relevant times Defendant Pearson acted under color of state law in his capacity as an officer with OPD. *Id*.  Plaintiff alleges that Defendant sexually harassed Ms. Wardlaw on multiple occasions, including grabbing her knee and sliding his hand on her leg, and deliberately brushing against her breast. (Doc. 43 ¶¶ 25, 27 and 33).

On the night of April 4, 2021, Defendant Pearson entered the WestCO Dispatch Unit at

2

2:00 a.m. with his trainee, James Fogg, while Ms. Wardlaw was working as the Dispatch Supervisor on the night shift. (Doc. 43 ¶¶ 37, 38) The WestCO Dispatch Unit is not open to the public and Officer Pearson was able to access the WestCO Dispatch Unit only because of his position as an Olathe police officer. (Doc. 43 ¶¶ 40, 41) Plaintiff alleges that Officer Pearson was on duty and arrived wearing his uniform, that Plaintiff is required to speak to personnel of the member agencies. (Doc. 43, ¶¶ 39, 47) As alleged in the Complaint:

> 43. Officer Pearson tapped on Ms. Wardlaw's office window and stated that he needed to talk to her about a work related issue.
>
> 45. Despite not wanting to engage with Officer Pearson, Ms. Wardlaw reasonably believed she was not free to ignore him because he was an officer of one of WestCO's member agencies.
>
> 56. However, Ms. Wardlaw made sure to leave the door and blinds open, because she felt uncomfortable being alone with Officer Pearson.
>
> 57. After entering her office, Officer Pearson gave Ms. Wardlaw a "side hug."
>
> 58. He then began asking Ms. Wardlaw about marital problems with her husband, but Ms. Wardlaw made clear that she did not want to discuss the situation with him.
>
> 60. In response, Ms. Wardlaw went to her desk, sat down, and pulled up a screen to show Officer Pearson how the abbreviations worked in Spillman and began moving windows on programs on her computer.
>
> 61. Ms. Wardlaw felt Officer Pearson approach from behind her.
>
> 62. Believing that Officer Pearson was coming closer for a better view of the computer screen, Ms. Wardlaw moved to the side.
>
> 63. Instead, Officer Pearson wrapped both his arms around Ms. Wardlaw and pressed them onto her breasts.
>
> 65. Once she regained her composure, Ms. Wardlaw elbowed Officer Pearson away in protest.

Defendant Pearson denies the allegations of inappropriate behavior. Nonetheless, the actions as pled by Plaintiff, if true, do not give rise to constitutional claims under either the U.S.

or Colorado constitutions. Dismissal is appropriate.

## III.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## IV.     ARGUMENT

### A.     PLAINTIFFS' CLAIM OF A FEDERAL EQUAL PROTECTION VIOLATION FAILS AS A MATTER OF LAW.

#### 1.     ELEMENTS THAT MOVANT CONTENDS ARE NOT PROPERLY ALLEGED.[1]

Plaintiff failed to properly allege state action sufficient to support an equal-protection claim where Plaintiff had no authority over Plaintiff. *See*, *Shepherd v. Robbins*, 55 F.4th 810 (10th Cir. 2022). "We predicate liability for sexual harassment under the Equal Protection Clause on some governmental authority that the defendant has over the plaintiff." *Id.* at 818.

#### 2.     PLAINTIFF FAILS TO PROPERLY ALLEGE AN EQUAL PROTECTION CLAIM.

Plaintiff's Equal Protection claim fails here. As recently stated in *Shepherd v. Robbins*, 55 F.4th 810 (10th Cir. 2022), in the context of a sexual harassment claim:

> We have only discussed Fourteenth Amendment equal protection claims involving sexual harassment a handful of times. In these cases, we focused on the nature of the relationship between the plaintiff and the defendant, and not the specific harassing conduct, when determining whether a constitutional violation occurred. *See Woodward v. City of Worland*, 977 F.2d 1392, 1401 (10th Cir. 1992)

---

[1] See, DDD Civ. P.S. III(D)(1)(a).

4

>  (concluding that we predicate liability for sexual harassment under the Equal Protection Clause on some governmental authority that the defendant has over the plaintiff). So the nature and degree of authority a defendant has over a plaintiff informs whether the law is clearly established.

*Id*. at 818.

Plaintiff does not allege that Defendant Pearson's conduct was based upon his authority over Plaintiff. She alleges that as an officer he gained access to the dispatch center, but it is clear that he was not a supervisor, was employed by a separate agency, and did not enjoy "some governmental authority" over Plaintiff. The Amended Complaint alleges that as an officer of a member entity, she did not believe she could ignore his request for information, but this statement does not create the government authority described in case law to support an equal protection claim. *Shepherd* provides*:*

> A brief look into our § 1983 sexual harassment caselaw shows we have focused our inquiry on the context in which the conduct occurred. When we first addressed this issue, we concluded that sexual harassment can violate the Equal Protection Clause in a governmental employment setting. *See Starrett*, 876 F.2d at 814. We then specified that such a claim existed for subordinates against their supervisors in government positions. *See Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994). And from there, we explained that private citizens could also bring an equal-protection sexual-harassment claim when a state agent exercised governmental authority over them. *See Whitney*, 113 F.3d at 1174. We later extended the claim to the educational context involving claims by students against teachers. *Sh.A ex rel. J.A. v. Tucumcari Mun. Schs.,* 321 F.3d 1285, 1289 (10th Cir. 2003). So the cases in which we have found sexual-harassment-based constitutional violations under § 1983 involved a power imbalance created by the alleged harasser's governmental authority.

*Id*. at 818-819.

There is not a power imbalance under the facts pled by Plaintiff and dismissal of the Equal Protection Claim is appropriate. Rather, the balance of the Complaint demonstrates that efforts were made to exclude Defendant from the dispatch center and from contact with Plaintiff. *See,*

5

*Johnson v. Martin,* 195 F.3d 1208, 1211 (10th Cir. 1999) ("Although the plaintiffs' allegations differ in many details, most involve attempts by Mr. Martin to obtain sexual favors in exchange for favorable consideration of permit applications and favorable determinations of compliance with city codes.")

### B. PLAINTIFFS' CLAIM OF FOURTH AMENDMENT UNLAWFUL SEIZURE FAILS AS A MATTER OF LAW.

#### 1. ELEMENTS THAT MOVANT CONTENDS ARE NOT PROPERLY ALLEGED.

Plaintiff failed to properly allege state action sufficient to support a Fourth Amendment claim involving a sexual assault, as available case law requires action by an officer on a person in custody in a criminal context. *See*, *Poe v. Leonard*, 282 F.3d 123, 136 (2nd Cir. 2002).

#### 2. PLAINTIFF FAILS TO PROPERLY ALLEGE AN UNLAWFUL SEIZURE CLAIM.

Plaintiff's Amended Complaint includes a Fourth Amendment unlawful seizure claim (Seventh Claim for Relief). Few cases address Fourth Amendment unlawful seizure in the context of sexual assault. In a decision from the District of New Mexico, *D.G. v. City of Las Cruces*, No. 14-CV-368 MCA/WPL, 2015 WL 13665421 (D.N.M. Mar. 25, 2015), a brief survey of the available case is provided, including the Tenth Circuit. There the court dismissed the claim of unlawful seizure/sexual assault and provided the following canvas of available case law:

> Cases in our Circuit have yet to consider the application of the Fourth Amendment to a sexual assault by an officer on a person not in custody in the typical, criminal context. It may be that the Fourth Amendment would apply under the circumstances of this case. *See City of Ontario, California v. Quon*, 560 U.S. 746, 755-56 (2010) ("It is well settled that the Fourth Amendment's protection extends beyond the sphere of criminal investigations. The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government, without regard to whether the government actor is investigating crime or performing another function." (internal quotation marks and citations omitted)). Nonetheless, in cases similar to the one at hand, other Circuit Courts have concluded that the Fourth Amendment is not applicable. In *Jones v. Wellham*, 104

6

> F.3d 620, 628 (4th Cir. 1997), the Fourth Circuit concluded that the Fourteenth Amendment rather than the Fourth Amendment was the correct Constitutional protection where "the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct." In *Jones*, the plaintiff was pulled over by an officer ostensibly for suspicion of driving while intoxicated. *Id*. at 622. The officer then "asked [the plaintiff] to get into his police cruiser, told her that he would not arrest her, and said that he would drive her home[,]" but instead drove her to a parking lot and raped her. *Id*. Likewise, the Second Circuit concluded that "[t]he Fourth Amendment is not the proper source of [the plaintiff's] constitutional right because [the officer's] objectionable conduct occurred outside of a criminal investigation or other form of governmental investigation or activity." *Poe v. Leonard*, 282 F.3d 123, 136 (2nd Cir. 2002). In *Poe*, a male officer solicited a female citizen to act in a training video, and instructed the female to change to dress more provocatively and to "lose the bra." *Id*. at 139. The officer then surreptitiously recorded the female while she was changing in his office. *Id*. The Court concluded that the Fourth Amendment, which typically applies to investigatory or administrative law enforcement functions, was not applicable, and that the proper Constitutional foundation for the plaintiff's claims is found in the Fourteenth Amendment. *Id*. at 137.

*Id*. * 17-18.

*Miller v. Cook Cty.,* No. 20 C 2436, 2021 U.S. Dist. LEXIS 97413 (N.D. Ill. May 24, 2021) recently reaffirmed the summary of the law:

> The courts of appeals have generally held that a plaintiff alleging sexual harassment has no claim under the Fourth Amendment where the conduct at issue did not occur in the course of "a criminal investigation or other form of government investigation or activity." *Poe v. Leonard*, 282 F.3d 123, 136 (2d Cir. 2002); *see also Jones v. Wellham*, 104 F.3d 620. 628 (4th Cir. 1997) ("Because the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct...the claim was not one of a Fourth Amendment violation."); *Doe v. Luzerne Cty*., 660 F.3d 169, 179 (3d Cir. 2011) ("Because [the officer] acted for personal reasons outside the scope of a governmental investigation, his actions do not implicate the Fourth Amendment.").

*Id.* at *7-8. *See also, Johnson v. Town of St. John*, No. 2:15-CV-417 JD *6, 2017 U.S. Dist. LEXIS 46357 (N.D. IN March 29, 2017) ("The Fourth Amendment is not a valid basis for Johnson's claim. The courts of appeals have generally held that a plaintiff alleging sexual harassment or sexual assault has no cause of action under the Fourth Amendment where

7

the conduct at issue did not occur in the course of 'a criminal investigation or other form of governmental investigation or activity.'")

### C. PLAINTIFF'S COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM.

#### 1. ELEMENTS THAT MOVANT CONTENDS ARE NOT PROPERLY ALLEGED.

Plaintiff's Fifth Claim for Relief fails as Plaintiff has failed to properly allege a substantive due process violation on two grounds.

> The Supreme Court has described two strands of the substantive due process doctrine. One strand protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience. *See Chavez v. Martinez*, 538 U.S. 760, 787, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003) (Stevens, J., concurring in part and dissenting in part) ("The Due Process Clause of the Fourteenth Amendment protects individuals against state action that either 'shocks the conscience,' or interferes with [fundamental] rights 'implicit in the concept of ordered liberty'" (citations omitted)).

*Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008).

First, Plaintiff's claim for relief conflates the two separate strands of a due process violation, but fails to properly allege elements of both. (i) Plaintiff fails to demonstrate a recognized liberty interest in bodily integrity, here, as the Supreme Court has recognized such claims in only very limited circumstances. Also, (ii) Plaintiff further fails the "shocks the conscious" claim for a due process violation.

#### 2. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM (FIFTH CLAIM FOR RELIEF).

Plaintiff alleges that Defendant Pearson acted under color of state law to deprive "Ms. Wardlaw of her fundamental right to bodily integrity," and that "Officer Pearson's conduct, as described herein, shocks the conscience." (Doc. 43, ¶¶ 277) Substantive due process protects an individual's fundamental liberty interests and also guards against the arbitrary exercise of

8

governmental power that shocks the conscience. *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008).  Plaintiff's claim fails on both strands.

(i) **Failure to Show a Protected Liberty Interest**.  Here, Plaintiff does not sufficiently state a claim for violation of her right to bodily integrity under a Fourteenth Amendment substantive due process analysis.

The decision, *Ruiz v. City of Brush*, Civil Action No. 05-cv-00897-EWN-CBS, 2006 U.S. Dist. LEXIS 47254 (D. Colo. June 30, 2006), provides the following summary of the law:

> The principle of bodily integrity is long- and well-established in the law. . . . Still, "[t]he Supreme Court has recognized a liberty interest in bodily integrity in only very limited circumstances involving such things as abortions, . . . end-of-life decisions, . . . birth control decisions, . . . and instances where individuals are subject to dangerous or invasive procedures where their personal liberty is being restrained." *Moore v. Guthrie*, 438 F.3d 1036, 1039-40 (10th Cir. 2006); *see Cruzan v. Dir., Miss. Dep't of Health*, 497 U.S. 261, 278-79, 110 S. Ct. 2841, 111 L. Ed. 2d 224 (1990) (noting principles of bodily integrity gives rise to constitutionally protected liberty interest in refusing unwanted medical treatment); *Washington v. Harper*, 494 U.S. 210, 221-22, 238, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990) (recognizing bodily integrity liberty interest in avoiding unwanted administration of antipsychotic drugs while in custody); *Winston v. Lee,* 470 U.S. 753, 765-66, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985) (holding surgical removal of potential evidence from an individual's body without individual's consent is unconstitutional intrusion upon bodily integrity); *Rochin v. Cal.,* 342 U.S. 165, 173-74, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (determining detainee's due process rights to bodily integrity violated when police ordered doctors to pump his stomach, against detainee's will, to obtain evidence of drugs).

Id. *28-29.

The court in *Ruiz v. City of Brush*, *supra*, involved an injury arising out of a fireworks display.  The Court noted, "Plaintiff's claim must fail in that it is merely an attempt to transform, as if by alchemy, a state law claim into a constitutional claim."  *Id*. at 31.  Similarly, here, Plaintiff forgoes available state tort claims to assert a constitutional tort.  This extension of the law is not recognized in the Tenth Circuit.

(ii) **Plaintiff fails to show government action that "shocks the conscious."** Plaintiff also attempts to construct a due process claim but fails to demonstrate government action that "shocks the conscious" under the due process clause. The specific action complained of here, where Defendant Pearson wrapped both his arms around Ms. Wardlaw and pressed them onto her breasts, does not meet the standard of shocks the conscious standard. *Seegmiller v. LaVerkin City*, 528 F.3d 762, 768 (10th Cir. 2008).

Therefore, to offend substantive due process, executive conduct must be so egregious that it "'shocks the conscience' and violates the 'decencies of civilized conduct.'" *Id. (quoting Rochin v. California*, 342 U.S. 165, 172-73, 72 S. Ct. 205, 96 L. Ed. 183 (1952)); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (The standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges.") (internal quotation marks omitted).

Court have rarely expanded the law of substantive due process to instances of inappropriate physical contact and have not expanded the constitutional right where an adult claims sexual harassment from co-worker or an employee from a different agency. The Tenth Circuit does not provide a claim for relief in these circumstances, where one government employee claims sexual misconduct from an employee of another agency. Rather, the claim for relief is available under far more limited circumstances. Courts from other jurisdictions have only extended the constitutional right in limited circumstances and have not found "shocks the conscious" in circumstances analogous the facts here.

In *Scatorchia v. Cty. of Suffolk,* No. CV 01-3119 (TCP)(MLO), 2006 U.S. Dist. LEXIS 5617 *9-10 (E.D.N.Y. Jan. 24, 2006) the court held that "[E]ven if the touch was a battery, it would

10

not violate her substantive due process rights." The court described the status of the law, as follows:

> Plaintiff also claims that Dickson violated her substantive due process rights under the 14th Amendment. [ ] Such rights are violated only when the government has engaged in conduct so egregious it "shocks the conscious." *Rochin v. California,* 342 U.S. 165, 172, 72 S. Ct. 205, 96 L. Ed. 183 (1952). The Supreme Court has "been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). [ ] In the sexual harassment context, courts have found that conduct "shocked the conscious" where a teacher committed multiple sexual assaults on his high school students (*Stoneking v. Bradford Area School District*, 882 F.2d 720 (3d Cir. 1989)) and where a sheriff raped a murder suspect. *Bennett v. Pippin*, 74 F.3d 578 (5th Cir 1996).

*Id*.

*Roberts v. McLean Cty. State's Attorney's Office*, No. 1:19-cv-01316, 2020 U.S. Dist. LEXIS 71543 (C.D. Ill. Apr. 23, 2020) provided the following canvas of the law:

> This substantive due process claim thus survives only if "the state actor's conduct is such that it shocks the conscience," . . . Plaintiff, however, fails to point the Court's attention to any case holding analogous sexual harassment is conscious-shocking, and the Court has not found one.
>
> In the Court's estimation, the alleged sexual harassment—though unwarranted and unacceptable—is at the mild end of the spectrum and a far cry from conscience-shocking in a constitutional sense. *See Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012) (finding nonsexual harassment was not conscience-shocking); *Christensen*, 483 F.3d at 464 (finding a police officer's prolonged "pattern of on-duty conduct designed to harass, annoy, and intimidate" was not conscience-shocking); [ ] *Robinson*, 2013 U.S. Dist. LEXIS 150068, 2013 WL 5701067, at *8 ("[R]un-of-the-mill sexual harassment fall[s] on the side of being too trivial to amount to a deprivation of liberty for constitutional purposes."); *Decker v. Tinnel*, No. 2:04-CV-227, 2005 U.S. Dist. LEXIS 38559, 2005 WL 3501705, at *8 (N.D. Ind. Dec. 20, 2005) (finding no substantive due process claim where male officer, during voluntary ride-along with 18-year-old female, asked her to strip, repeatedly tried to kiss her, forced his hand between her thighs, and groped her breasts); *Nagle v. McKernan,* No. 07 C 680, 2007 U.S. Dist. LEXIS 73139, 2007 WL 2903179, at *1-2 (N.D. Ill. Sept. 28, 2007) (finding no substantive due process violation where a fire marshal allegedly appeared at a woman's place of work, gave her a love note,

11

and beckoned her to a secluded place in the office, where he leaned against the back of the woman's body and inhaled and exhaled while "intimately press[ing] his face against the back of [the woman's] head and neck.") . . .

Rather, sexual misconduct cases which shock the judicial conscience "deal with repeated misconduct by a state actor over time that involves the exercise of force and reaches, or closely approaches, the level of rape." *King v. Lienemann*, No. CIV. 11-130, 2011 U.S. Dist. LEXIS 21968, 2011 WL 833977, at *4 (S.D. Ill. Mar. 4, 2011) (*citing Wudtke v. Davel*, 128 F.3d 1057, 1064 (7th Cir. 1997), and *Alexander v. DeAngelo,* 329 F.3d 912, 916-17 (7th Cir. 2003)).

*Id*. *13-16 (citations omitted).

Dismissal of the due process "shocks the conscious" claim is similarly appropriate here.

### D. DEFENDANT PEARSON IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FEDERAL CLAIMS.

#### 1. ELEMENTS THAT MOVANT CONTENDS ARE NOT PROPERLY ALLEGED

Plaintiff fails to show Defendant (i) violated a constitutional right or (ii) that the right was clearly established. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009).

#### 2. PLAINTIFF FAILS TO DEMONSTRATE BOTH A CONSTITUTIONAL VIOLATION OR THAT THE RIGHT WAS CLEARLY ESTABLISHED.

When a defendant asserts qualified immunity, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009) *citing Pearson v. Callahan*, 555 U.S. 223 (2009).

Reference to the legal principle, in the abstract is not sufficient to show that the right was clearly established. As stated in *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015):

Regarding the requisite proof of clearly established law, "[a] plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, 'the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.' " *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015).

12

As noted in the discussion above (Sections IV A., B. and C.), the Plaintiff fails to state a claim. To the point of a qualified immunity analysis, the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

In *Shepherd v. Robbins,* 55 F.4th 810, 818 (10th Cir. 2022) the question was whether an equal protection sexual harassment claim could be maintained where there did not exist "a power differential." *Id*. at 820. The Tenth Circuit granted qualified immunity to the police officer. *Id*. at 818. In *Shepherd*, the Defendant, a police officer and heavy-duty towing coordinator coordinator, communicated regularly with Plaintiff in her capacity as the liaison for West Coast Towing. In *Shepherd*, the court did not find the law clearly established and found qualified immunity applied.

Similarly, with respect to the claims of equal protection, seizure, and substantive due process, here, there is no precedent that would show a clearly established constitutional violation.

### E. PLAINTIFF'S COLORADO CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED.

#### 1. ELEMENTS THAT MOVANT CONTENDS ARE NOT PROPERLY ALLEGED

Plaintiff fails to demonstrate (i) outrageous government action to support a due process violation under the Colorado Constitution and further (ii) fails to show Colorado Constitution extends to a claim of sexually harassment to support an Equal Protection claim, and (iii) fails to show Colorado Constitution extends to a claim of sexually harassment to support a Seizure claim.

#### 2. PLAINTIFF'S COLORADO CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED

Plaintiff's claims fail to properly plead a state constitutional violation against Defendant Pearson. Plaintiff's 8th and 11th and 12th Claims for Relief are state claims asserted under C.R.S. § 13-21-131, enacted in 2020. The Act is a procedural statute that allows for damages for injuries

that find their source in constitutional violations. It is not, however, the source of violations. In this manner, C.R.S. § 13-21-131 is similar to the federal counterpart, 42 U.S.C. § 1983. *See, Margheim v. Buljko,* 855 F.3d 1077, 1084 (10th Cir. 2017) (The statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."

**(i) Due Process**. Colorado case law has not interpreted nor extended the protections of due process under the state constitution to a claim of sexual harassment. Colorado Courts recognize a due process violation under limited circumstances involving outrageous conduct. *People v. Burlingame*, 434 P.3d 794, 797 (Colo. App 2019) provides the following:

> However, we note that outrageous government conduct has always been recognized as a violation of due process. *See Bailey v. People*, 630 P.2d 1062, 1068 (Colo. 1981); . . .
>
> "Outrageous governmental conduct is conduct that violates fundamental fairness and is shocking to the universal sense of justice." *Medina*, 51 P.3d at 1011. Instances where trial courts have found outrageous government conduct in Colorado are vanishingly rare, and the threshold for such a finding appears to be exceedingly high. In fact, we found only one such case where a Colorado appellate court upheld a finding of outrageous government conduct. *People v. Auld*, 815 P.2d 956, 959 (Colo. App. 1991) (upholding the dismissal of charges based on a finding of outrageous government conduct because the prosecution filed fake charges against an undercover agent and therefore "dup[ed the] court into becoming an accomplice" to their nefarious actions).

*Id*. at 797.

**(ii) Unlawful Seizure.** Plaintiff claims an unlawful seizure based on Colo. Const. Art. II, Section 7. *People v. Parks*, 370 P.3d 346, 349 (Colo. App. 2015):

> This provision is substantially similar to the Fourth Amendment to the Federal Constitution. These state and federal constitutional commands "share[] a common purpose" — "the protection of legitimate expectations of privacy from unreasonable governmental intrusion."

*Id.* at 349; *see also, People v. McClain*, 149 P.3d 787, 789-790 (Colo. 2007)

Available jurisprudence from the Colorado Supreme Court does not support Plaintiff's claim of an unlaw seizure. Absent is any case law that would show the Colorado Constitution unlawful seizure protections should be extended beyond the protections afforded under the Fourth Amendment, namely those instances where "the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct." *See, Miller v. Cook Cty.,* No. 20 C 2436, 2021 U.S. Dist. LEXIS 97413 (N.D. Ill. May 24, 2021).

**(iii) Equal Protection**. Plaintiff's Complaint alleges an Equal Protection claim based on Colo. Const. Art. II, Section 3, Section 25, and Section 29. However, the constitutional guarantee of equal protection of the laws is included with the Due Process Clause of Article II, section 25 of the Colorado Constitution. *Harris v. Ark,* 810 P.2d 226, 239 n.2 (Colo. 1991)

As noted in *Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 n.3 (10th Cir. 2008) "Equal protection analysis under the Colorado Constitution appears to be identical to equal protection analysis under the United States Constitution. *E.g., People v. McKnight*, 200 Colo. 486, 617 P.2d 1178, 1185-86 (Colo. 1980). Thus, our analysis of plaintiffs' claim under the Equal Protection Clause of the United States Constitution controls their similar claim under the Colorado Constitution." As "Plaintiffs' challenge under the Equal Protection Clause of the Fourteenth Amendment fails, their challenge likewise fails under Article II, Section 25 of the Colorado Constitution." *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1296 n. 11 (D. Colo. 2015).

There is no showing that the Plaintiff's state claims should be afforded any greater latitude than the parameters scribed for the federal counterparts.

**WHEREFORE,** Defendant, **DAVID PEARSON,** respectfully requests that this Court dismiss Plaintiffs' equal protection, unlawful seizure, and substantive due process claims under both the U.S. Constitution and Colorado Constitution.

Respectfully submitted this 24th day of July 2023.

**LASATER & MARTIN, P.C.**

By: _/s/ Peter H. Doherty_                .
    Peter H. Doherty
    5251 DTC Parkway
    Greenwood Village, CO 80111
    Telephone: 303-730-3900
    Facsimile: 303-730-3939
    E-mail: Peter@LasaterandMartin.com
    *Attorney for Defendant David Pearson, in his individual capacity*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), and this Court's Order dated July 13, 2023 [Doc. 55] and comprises 4898 words.

By: _/s/ Peter H. Doherty_                .

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT DAVID PEARSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed using the PACER [CM/ECF] system, on July 24, 2023 and served on the following:

Azra Taslimi, Esq.
Felipe Bohnet-Gomez, Esq.
RATHOD MOHAMEDBHAI LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
at@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Plaintiffs*

Marni Nathan Kloster, Esq.
Nicholas C. Poppe, Esq.
NATHAN DUMM & MAYER, P.C.
7900 E. Union Ave, Suite 600
Denver, CO 80237
MKloster@ndm-law.com
NPoppe@ndm-law.com
*Attorneys for Defendant Town of Olathe*

Jonathan M. Abramson, Esq.
Yulia Nikolaevskaya, Esq.
KISSINGER & FELLMAN P.C.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

David J. Goldfarb, Esq.
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
djg@bhgrlaw.com
*Attorney for Defendant Georgette Black*

Eric M. Ziporin, Esq.
James Kadolph, Esq.
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
(303) 320-0509
eziporin@sgrllc.com
jkadolph@sgrllc.com
*Attorneys for Western Colorado Regional Dispatch Center*

                                                *s/ Abigail Kinser*