# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00834-DDD-NRN

AMY WARDLAW,

    Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity;
TOWN OF OLATHE, municipality;
DAVID PEARSON
ROGELIO PACHECO, and
GEORGETTE BLACK,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER
---

    The Parties, by their respective counsel, undersigned, stipulate to the entry of a Protective Order pursuant to Fed.R.Civ.P. 26(c), concerning the treatment of Confidential Information, and, as grounds therefor, state as follows:

    1.    The nature of the claims, defenses, and damages asserted in this lawsuit may involve discovery of documents and information containing Confidential Information (as defined in paragraph four below).

    2.    The purpose of the Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined below. The disclosure of such information outside of the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3. The Parties stipulate to and request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4. "Confidential Information" means any information that is protected by a privacy interest recognized by statutory or common law in federal court, whether that individual or entity is named or unnamed in this litigation, which is not made available to the public and which a reasonable expectation of privacy or confidentiality exists through the application of law, and is disclosed subsequent to the entry of the Protective Order, so designated as confidential.

5. Information designated as confidential must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c). *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

6. When Confidential Information is disclosed, or is otherwise produced or provided by a party in connection with that Parties' disclosure and/or discovery obligations, it will be designated in the following manner by:

    a. imprinting the word "Confidential" or "Subject to Protective Order" on the first page or cover of any document produced. Upon request, the designating party shall also provide the basis for marking such documents "confidential". If the document is obtained and disclosed by another party the party to whom the record is relevant may designate it by notifying all parties of such within thirty (30) days of receipt;

   b. imprinting the word "Confidential" or "Subject to Protective Order" next to or above any response to a discovery request; and

   c. designating deposition testimony as "Confidential" or "Subject to Protective Order" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  7. All Confidential Information provided by a party in connection with that party's disclosure and/or discovery obligations, or transcribed testimony, shall be subject to the following restrictions:

   a. It shall be used only for the purposes of this litigation and not for any other purpose;

   b. It shall not, without the consent of the designating party or further Order of the Court, be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

    (i) attorneys actively working on this case;

    (ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

(iii) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

(iv) the Court and its employees;

(v) the jury to whom the case may be presented;

(vi) stenographic and video reporters who are engaged in this litigation;

(vii) deponents and witnesses;

(viii) the Parties or a party's representatives, if the party is an entity;

(ix) adjusters for an insurer covering any of the Parties; and

(x) other persons by written agreement of the Parties.

8. The party's counsel who discloses Confidential Information subsequent to receipt of same shall be responsible for assuring compliance with the terms of this Protective Order by informing such parties of the essential terms of the Protective Order and obtaining affidavit signatures where appropriate.

9. During the pendency of this action opposing counsel may, upon court order or agreement of the Parties, request a list of people with whom confidential information has been shared upon a showing of substantial need. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring such a list under terms and conditions deemed appropriate by the Court. To the extent that such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom documents were sent will not need to be disclosed, unless the Court orders such disclosures, and then the names will be disclosed to the Court only, *in camera*.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within thirty (30) days from receipt. The written notice shall identify the information to which the objection is made and the basis for the objection. If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fourteen (14) days of the aforementioned conferral process. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file or refer to Confidential Information before the Court in connection with any proceeding, motion, pleading, brief or other filing, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. The party designating information as confidential shall be responsible for submitting a Motion

to Restrict Access, following the submission of confidential information filed, if the designating party seeks to maintain the confidentiality of the information.

13. In the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, no recipient of inadvertently disclosed information or documentation shall utilize such information/ documentation or any fruits derived therefrom for the purposes of this litigation. The inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

14. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall: be returned to the party that designated it CONFIDENTIAL, destroyed by counsel, or preserved by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures and records-retention policy. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of the designating party or this Court after written notice to counsel for the party that produced the documents. The termination of this action shall not relieve counsel, or any party or other persons

obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. Nothing in this Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

18. Nothing in this Protective Order shall be construed to limit the Parties' ability to submit necessary exhibits to the Court or jury at trial.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and the opportunity for them to be heard.

20. The protections afforded by Fed.R.Evid. 502(d) shall apply to this matter so that attorney-client privilege or work-product protection are not waived by disclosure connected with this litigation.

DATED this _____ day of _____, 2023.

BY THE COURT:

_____
United States District Court Magistrate Judge

**RATHOD | MOHAMEDBHAI LLC**

  *s/ Azra Taslimi*
Azra Taslimi
Felipe Bohnet-Gomez
2701 Lawrence St., Suite 100
Denver, CO 80205
T: 303-578-4400
Email:  at@rmlawyers.com
            fbg@rmlawyers.com
*Counsel for Plaintiff Amy Wardlaw*


**SGR, LLC**

  *s/ Courtney B. Kramer*
Courtney B. Kramer
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
T: 303-320-0509
Email: ckramer@sgrllc.com

  *s/ James T. Kadolph*
James T. Kadolph
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
T: 303-320-0509
Email: jkadolph@sgrllc.com
*Counsel for Defendant WCRDC*

**APPROVED AS TO FORM:**

**Nathan Dumm & Mayer PC**

  *s/ Marni Nathan Kloster*
Marni Nathan Kloster
Nicholas Christaan Poppe
7900 East Union Avenue
Denver Corporate Center III, Suite 600
Denver, CO 80237-2776
T: 303-691-3737
Email:  mkloster@ndm-law.com
            npoppe@ndm-law.com
*Counsel for Defendant Town of Olathe*


**Lasater & Martin, P.C.**

  *s/ Peter H. Doherty*
Peter H. Doherty
5251 DTC Parkway, Suite 800
Greenwood Village, CO 80111
T: 303-730-3900
Email: peter@lasaterandmartin.com
*Counsel for Defendant David Pearson*


**Kissinger & Fellman, P.C.**

  *s/ Yulia Nikolawvskaya*
Jonathan Marshall Abramson
Yulia Nikolaevskaya
3773 Cherry Creek North Drive
Ptarmigan Place, Suite 900
Denver, CO 80209
T: 303-320-6100
Email:  jonathan@kandf.com
            julie@kandf.com
*Counsel for Defendant Rogelio Pacheco*

9

**Berg Hill Greenleaf & Ruscitti LLP**

*s/ David Goldfarb*
David James Goldfarb
M. Shelby Deeney
1712 Pearl Street
Boulder, CO 80302
T: 303-402-1600
Email: djg@bhgrlaw.com
shelby.deeney@bhgrlaw.com
*Counsel for Defendant Georgette Black*

# AFFIDAVIT

STATE OF COLORADO  )
                   ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Wardlaw v. Western Colorado Regional Dispatch Center, et al.*, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____
_____
Telephone No.: (_____) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2023, by _____.

WITNESS my hand and official seal.        _____
                                           Notary Public
[SEAL]

**EXHIBIT A**