# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-00834-DDD-NRN

AMY WARDLAW

      Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity;
TOWN OF OLATHE, a municipality;
DAVID PEARSON,
ROGELIO PACHECO; and
GEORGETTE BLACK

      Defendants.

---

## DEFENDANT DAVID PEARSON'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Defendant, **DAVID PEARSON,** by his attorneys, **LASATER & MARTIN, P.C.,** submits this Reply Brief in Support of Motion to Dismiss [Doc. 61] Plaintiff's First Amended Complaint and Plaintiff's Response [Doc. 76] and states as follows:

### I. ARGUMENT

### A. DEFENDANT PEARSON IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FEDERAL CLAIMS.

When a defendant asserts qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). To overcome a defendant's qualified immunity, "[t]he plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly

established at the time of the alleged unlawful activity." *Id*. (emphasis added) (*citing Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)).

"A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted); "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna,* 577 U.S. 7, 11, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks omitted).

To meet her burden, Plaintiff relies predominantly on the recent Seventh Circuit decision *Hess v. Garcia,* 72 F.4th 753, 758 (7th Cir. 2023), involving a seventeen-year-old student on a "ride along" with law enforcement. Reliance upon *Hess* is misplaced. While cases from the Tenth Circuit have carefully weighed the relationship of the parties, the use of government authority over an individual, and distinctions between the various constitutional sources of a claim, the *Hess* decision is a marked deviation from the analysis employed by the Tenth Circuit. By way of illustration, the *Hess* court begins:

> We decline the invitation to draw lines between constitutional and unconstitutional sexual assaults by government officials acting under color of law. Sexual assault is an intentional act that never serves a legitimate governmental purpose. Because we are considering this case on the pleadings, we do not decide which of the three constitutional theories provides the best path for litigation. The complaint should have survived the motion to dismiss under each theory. If it becomes necessary later to focus on doctrinal differences among these theories, jury instructions applying them to actual evidence may provide the best opportunity to do so.

*Id*. at 756.

The *Hess* decision provides a lengthy survey of decisions from multiple jurisdictions,

2

including cases where specific constitutional theories have been rejected by other courts, and where courts have applied a more defined and rigorous test as to the elements of a constitutional violation. The Seventh Circuit specifically held it was not focusing on doctrinal differences among these theories and was adopting a blanket standard of all sexual assaults by government officials acting under color of law violates the constitution, albeit which constitutional provision is not clear. The *Hess* court cited decisions where courts have applied the Fourth Amendment rather than a Fourteenth Amendment Due Process analysis, *Id*. at 759, a Fourteenth Amendment analysis rather than a Fourth Amendment analysis, *Id*., and a Fourteenth Amendment analysis, rather than a Fourth Amendment analysis, but only when the challenged conduct occurred in the context of a criminal investigation. *Id*.

The *Hess* court continued:

> At this early procedural stage, we leave all three of these doctrinal lanes open on remand, and we see no basis for requiring plaintiff to choose just one or two while federal courts are sorting out these theories.

*Id*. at 760.

Further, while the trial court in *Hess* discussed the defense of qualified immunity, and the clearly established prong, *see e. Z.H. v. Garcia*, No. 3:21-CV-101 JD, 2022 U.S. Dist. LEXIS 51981, 2022 WL 857035, at *6 (N.D. Ind. Mar. 21, 2022), the Seventh Circuit did not evaluate this argument.

Finally, many of the cases cited by the *Hess* court are much narrower in application than the parenthetical citations would suggest. *See*, *e.g., Dickey v. United States*, 174 F. Supp. 3d 366, 370-71 (D.D.C. 2016) involved analyzing officer's actions manipulating genitalia during strip search under Fourth Amendment; *Jones v. District of Columbia,* No. 00-1773 (RJL), 2002 U.S.

3

Dist. LEXIS 27746, at *10-12 (D.D.C. Sept. 28, 2002) (described as a case analyzing sexual misconduct during arrest whereas the facts involved "slamming a door into Jones' face, making lewd remarks, and grabbing the plaintiffs").

### 1. EQUAL PROTECTION.

Plaintiff distinguishes the recent Tenth Circuit decision *Shepherd v. Robbins,* 55 F.4th 810, 818 (10th Cir. 2022) arguing the case applies to a "commercial relationship" rather than a "governmental relationship." Absent from the Plaintiff's Response is a discussion of "a power differential," whereby the Tenth Circuit framed the question. *Id.* at 820. In *Shepherd*, the court did not find the law clearly established and found qualified immunity applied. *Shepherd* provides*:*

> A brief look into our § 1983 sexual harassment caselaw shows we have focused our inquiry on the context in which the conduct occurred. . . . So the cases in which we have found sexual-harassment-based constitutional violations under § 1983 involved a power imbalance created by the alleged harasser's governmental authority.

*Id.* at 818-819.

Plaintiff emphasizes there was a "governmental relationship," between Plaintiff and Defendant Pearson. This is not, however, the test. Absent is a showing that Defendant Pearson's conduct was based upon his authority over Plaintiff, or "power imbalance."[1]

### 2. FOURTH AMENDMENT UNLAWFUL SEIZURE CLAIM.

Plaintiff's Response argues that the alleged sexual assault constitutes a seizure under Fourth Amendment law, and that the law was clearly established. Plaintiff's Response does not address *D.G. v. City of Las Cruces*, No. 14-CV-368 MCA/WPL, 2015 WL 13665421 (D.N.M.

---

[1] Plaintiff's cite to *Mayfield v. Bethards*, 826 F.3d 1252, 1259 (10th Cir. 2016). That case is not instructive here. In *Mayfield*, Plaintiffs claimed Defendant violated their Fourth Amendment rights by entering their property without a warrant with the intention of killing their two dogs.

4

Mar. 25, 2015), nor the survey of available case provided.  There the court began its review by stating:

> Cases in our Circuit have yet to consider the application of the Fourth Amendment to a sexual assault by an officer on a person not in custody in the typical, criminal context.

*Id*. * 17.

In her Response, Plaintiff cites to *Soldal v. Cook County*, 506 U.S. 56, 69 (1992) and *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1205-06 (10th Cir. 2003).  *Soldal* involved the seizure of the trailer with the involvement of local law enforcement.  *Dubbs* involved Head Start medical evaluations of minors. While not related to a criminal investigation, the case clearly involved government action and purpose, and an undisputed search.

Plaintiff cites to *Torres v. Madrid,* 141 S. Ct. 989, 995 (2021) a case addressing the question of whether a seizure occurs when an officer shoots someone who temporarily eludes capture after the shooting and *Cal. v. Hodari D*., 499 U.S. 621,626 involving a suppression issue, where the Court held that defendant was not seized until he was tackled. These cases are not instructive here.

### 3.    FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM.

Plaintiff's substantive due process claim fails on both strands (fundamental liberty interests or governmental action that shocks the conscience). *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008).

Plaintiff cites to *Abeyta by & Through Martinez v. Chama Valley Indep. Sch. Dist.* No. 19, 77 F.3d 1253, 1255 (10th Cir. 1996) for the proposition that sexual assault by a government official violates an individual's due process right to bodily integrity. *Abeyta* was, however, decided on a

shock the conscious standard where the court found a teacher calling a student a prostitute and encouraging hazing by the students was not a substantive due process violation. *Haberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir. 1997) also cited by Plaintiff involved, "conduct . . . that Untrif reached his hand underneath her shirt and fondled a private erogenous area and moved his hands along and caressed her body while making sexually suggestive remarks." There was also "The implication for further sexual contact was in the larger context of threatening adverse official action by way of a ticket and following her in his police car." *Id*. at 724.  The Tenth Circuit has required more for a bodily integrity claim under the due process.  *See*, *Ruiz v. City of Brush*, Civil Action No. 05-cv-00897-EWN-CBS, 2006 U.S. Dist. LEXIS 47254 *28-29 (D. Colo. June 30, 2006).

Similarly, under the "shocks the conscious standard," Plaintiff fails to meet her burden of showing (i) constitutional violation (ii) which was clearly established to instances where an adult claims sexual harassment from co-worker or an employee from a different agency.[2]

Plaintiff cites *Uhlrig v. Harder*, 64 F.3d 567, 573-74 (10th Cir. 1995). Other than reaffirming the proper standard, the case is not illustrative here (both courts dismiss claim where defendants relocated mental patient to less secure ward and he killed employee). Plaintiff's reliance on other case law is similarly not instructive: *Camuglia v. City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006) a case finding no substantive due process violation where a restaurant was temporarily shut down for alleged health code violations; *Ullery v. Bradley*, 949 F.3d 1282,

---

[2] *See, e.g. C.H. v. Howard,* Civ. No. 21-574 GBW/JHR *21, 2023 U.S. Dist. LEXIS 130780 (Julu 28, 2023) where the court stated that a hug—even if initiated with the goal of indirectly feeling the breasts of the recipient of the hug—is materially less shocking than the direct fondling or touching of a student's breasts. *See also, Roberts v. McLean Cty. State's Attorney's Office*, No. 1:19-cv-01316, 2020 U.S. Dist. LEXIS 71543 (C.D. Ill. Apr. 23, 2020) and cases cited therein.

1291 (10th Cir. 2020) applying an Eighth Amendment analysis to a corrections facility officer who sexually assaulted an inmate; and *Hernandez v. Ridley*, 734 F.3d 1254, 1261 (10th Cir. 2013) involving an analysis of the danger-creation exception where a state's failure to protect an individual against private violence where workers were killed on a construction project.

Dismissal of the due process "shocks the conscious" claim is similarly appropriate here.

### B. PLAINTIFF'S COLORADO CONSTITUTIONAL CLAIMS SHOULD BE DISMISSED.

Plaintiff fails to address the substance of the Constitutional claims, stating rather it is Defendants burden to prove the provisions of the Colorado Constitution may not apply. In support, Plaintiff argues that C.R.S. § 13-21-131 was recently enacted and there is little case law available. However, C.R.S. § 13-21-131 is similar to 42 U.S.C. §1983 in that it is not an independent source of rights, but rather a vehicle through which one may vindicate rights conferred elsewhere in the constitution. It is not, however, the source of violations. In this manner, C.R.S. § 13-21-131 is similar to the federal counterpart, 42 U.S.C. § 1983. *See, Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (The statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *See, Gonzaga Univ. v. Doe,* 536 U.S. 273, 282-83, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)

Prior to the enactment of C.R.S. § 13-21-131, there exists a body of case law applying the provisions of the Colorado Constitution. The available case law does not, however, support Plaintiff's claims in this action.

Plaintiff fails to demonstrate (i) outrageous government action to support a due process violation under the Colorado Constitution and further (ii) fails to show Colorado Constitution

7

extends to a claim of sexually harassment to support an Equal Protection claim, and (iii) fails to show Colorado Constitution extends to a claim of sexually harassment to support a Seizure claim.

**(i) Due Process**.  Colorado case law has not interpreted nor extended the protections of due process under the state constitution, Colo. Const. Art. II, Section 25 ("due process of law"), to a claim of sexual harassment.   As argued previously, Colorado Courts recognize a due process violation under limited circumstances involving outrageous conduct.  *People v. Burlingame*, 434 P.3d 794, 797 (Colo. App 2019) provides the following:

> "Outrageous governmental conduct is conduct that violates fundamental fairness and is shocking to the universal sense of justice." *Medina*, 51 P.3d at 1011. Instances where trial courts have found outrageous government conduct in Colorado are vanishingly rare, and the threshold for such a finding appears to be exceedingly high. In fact, we found only one such case where a Colorado appellate court upheld a finding of outrageous government conduct. *People v. Auld*, 815 P.2d 956, 959 (Colo. App. 1991) (upholding the dismissal of charges based on a finding of outrageous government conduct because the prosecution filed fake charges against an undercover agent and therefore "dup[ed the] court into becoming an accomplice" to their nefarious actions).

*Id*. at 797.

Plaintiff contends that the conduct here is outrageous, namely, "shocking to the universal sense of justice." *See, People v. Burlingame*, 434 P.3d 794, 797 (Colo. App 2019).  The allegations of Plaintiff's amended complaint describe improper conduct, but this conduct does not meet the higher standard read into Colo. Const. Art. II, Section 25.

**(ii) Unlawful Seizure.** Plaintiff claims an unlawful seizure based on Colo. Const. Art. II, Section 7, ("Security of Person and Property – Searched – Seizures – Warrants").  *People v. Parks*, 370 P.3d 346, 349 (Colo. App. 2015) provides:

> This provision is substantially similar to the Fourth Amendment to the Federal Constitution. These state and federal constitutional commands "share[] a common

purpose" — "the protection of legitimate expectations of privacy from unreasonable governmental intrusion."

*Id.* at 349; *see also, People v. McClain*, 149 P.3d 787, 789-790 (Colo. 2007)

Available jurisprudence from the Colorado Supreme Court does not support Plaintiff's claim of an unlaw seizure. Despite a more lengthy and detailed history of judicial precedent, absent is any case law that would support Plaintiff's claim in this instance under the Colorado Constitution.

**(iii) Equal Protection**. Plaintiff's Complaint alleges an Equal Protection claim based on Colo. Const. Art. II, Section 3 ("inalienable rights"), Section 25 ("due process of law"), and Section 29 ("equality of the sexes"). Plaintiff states that Defendant's response neglects to address Article II, Section 29. However, as noted in Defendant's Motion to Dismiss, the constitutional guarantee of equal protection of the laws is included with the Due Process Clause of Article II, section 25 of the Colorado Constitution. *See*, *Harris v. Ark,* 810 P.2d 226, 239 n.2 (Colo. 1991).

Other than the conclusory statement that Article II, Section 29,[3] might apply, there is no case law that extends it to a sexual harassment claim, nor that the analysis, if any, would be different than the Due Process Clause of Article II, section 25 of the Colorado Constitution.

As noted in *Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 n.3 (10th Cir. 2008) "Equal protection analysis under the Colorado Constitution appears to be identical to equal protection analysis under the United States Constitution. *E.g., People v. McKnight*, 200 Colo. 486, 617 P.2d 1178, 1185-86 (Colo. 1980). Thus, our analysis of plaintiffs' claim under the Equal Protection Clause of the United States Constitution controls their similar claim under the Colorado

---

[3] Article II, Section 29, provides, in full, "Equality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex."

9

Constitution." As "Plaintiffs' challenge under the Equal Protection Clause of the Fourteenth Amendment fails, their challenge likewise fails under Article II, Section 25 of the Colorado Constitution." *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1296 n. 11 (D. Colo. 2015).

There is no showing in Plaintiff's Response that the Plaintiff's state claims should be viewed any broader than the parameters scribed for the federal counterparts.

### C. DEFENDANT INCORPORATES BY REFERENCE THE ARGUMENTS OF CO-DEFENDANTS

Defendant incorporates by reference the arguments of Defendants as to the issues of whether there is a constitutional violation or whether that claim was clearly established.

Respectfully submitted this 6th day of September 2023.

**LASATER & MARTIN, P.C.**

By: */s/ Peter H. Doherty*             .
    Peter H. Doherty
    5251 DTC Parkway
    Greenwood Village, CO 80111
    Telephone: 303-730-3900
    Facsimile: 303-730-3939
    E-mail: Peter@LasaterandMartin.com
    *Attorney for Defendant David Pearson, in his individual capacity*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), and comprises 2681 words.

By: */s/ Peter H. Doherty*             .

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT DAVID PEARSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed using the PACER [CM/ECF] system, on September 6, 2023 and served on the following:

Azra Taslimi, Esq.
Felipe Bohnet-Gomez, Esq.
RATHOD MOHAMEDBHAI LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
at@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Plaintiffs*

Marni Nathan Kloster, Esq.
Nicholas C. Poppe, Esq.
NATHAN DUMM & MAYER, P.C.
7900 E. Union Ave, Suite 600
Denver, CO 80237
MKloster@ndm-law.com
NPoppe@ndm-law.com
*Attorneys for Defendant Town of Olathe*

Jonathan M. Abramson, Esq.
Yulia Nikolaevskaya, Esq.
KISSINGER & FELLMAN P.C.
3773 Cherry Creek North Drive, Suite 900
Denver, CO 80209
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

David J. Goldfarb, Esq.
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
djg@bhgrlaw.com
*Attorney for Defendant Georgette Black*

Eric M. Ziporin, Esq.
James Kadolph, Esq.
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
(303) 320-0509
eziporin@sgrllc.com
jkadolph@sgrllc.com
*Attorneys for Western Colorado Regional Dispatch Center*

                                              *s/ Abigail Kinser*