**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

*Civil Action No.: 23-cv-00834-DDD-NRN*

AMY WARDLAW,

    Plaintiff,

v.

WESTERN COLORADO REGIONAL DISPATCH CENTER, a governmental entity,
TOWN OF OLATHE, a municipality,
DAVID PEARSON,
ROGELIO PACHECO, and
GEORGETTE BLACK,

    Defendants.

**DEFENDANT PACHECO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND (ECF 43)**

Defendant Rogelio Pacheco ("Chief Pacheco"), by and through counsel of record, Jonathan M. Abramson, Esq. and Yulia Nikolaevskaya, Esq., of Kissinger & Fellman, P.C., hereby submits his Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand (ECF 43) ("Reply"), and states as follows:

**REPLY IN SUPPORT OF ARGUMENT**

**A. Pearson Did Not Act Under Color of Law.**[1]

Plaintiff's First Amended Complaint and Jury Demand (ECF 43) ("First Amended Complaint"

---

[1] Plaintiff claims that "[w]hether an official acted under color of the law is generally a question of fact for the jury." Plaintiff's Response to Defendant Pacheco's July 21, 2023 Motion to Dismiss (ECF 77) ("Response" or "Resp."). Resp., p. 4. Plaintiff cites to *Pleasant v. Lovell*, 876 F.2d 787, 799 (10th Cir. 1989) for this proposition. However, *Pleasant* does not stand for this proposition and the actual quote reads as follows: "However, the question of whether a private person acts under color of state law is one of fact and normally a jury matter, unless it may be decided as a matter of law under Fed. R. Civ. P. 12(b)(6) [ ]." *Id*.

1

or "FAC") failed to allege that Pearson's actions as to Plaintiff were only made possible because Pearson was a police officer or because Pearson abused his power as a police officer. Resp., pp. 4-7. As Chief Pacheco previously argued, what happened between Pearson and Plaintiff is an intentional tort and not a constitutional violation. *See,* Defendant Pacheco's Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand (ECF 60) ("MTD"), p. 2. Factually, this case is distinguishable from all the factual scenarios in cases cited by Plaintiff. Resp., pp. 4-7. Pearson and Plaintiff were not co-workers. They were required to interact with one another because of their employment. Plaintiff was a dispatch supervisor and Pearson was a police officer. Pearson had access to Plaintiff not simply because he was a police officer who abused his authority, but because Plaintiff, as a dispatch supervisor, was required to interact with Pearson and any other police officer. Pearson, and any other police officer, had access to the dispatch center. His access was not premised on his uniform and his badge. Accordingly, any other police officer could enter the dispatch center as part of their employment and speak with Plaintiff. The focus here is not only on Pearson wearing a uniform at the time of this incident. It is imperative to acknowledge Plaintiff's employment at the time of the incident. Plaintiff did not interact with Pearson because Pearson forced Plaintiff to open the door to the dispatch center because Pearson was a police officer. Plaintiff would have been required to open the door to ANY police officer seeking access to the dispatch center. Peason and Plaintiff's interaction was part of both of their official duties.

Thus, Plaintiff's First Amended Complaint and Response fail to allege the required "nexus" between Pearson's authority as a public employee and Pearson's conduct as required by applicable case law. See *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). This case involves an incident between two public employees who interacted with each other because of their public duties. This

incident occurred in a public place, where Plaintiff and Pearson were required or allowed to be during work hours. This case is NOT about Pearson using his uniform and badge to gain access to Plaintiff's private residence, private vehicle or private place of employment. If this Court accepts Plaintiff's proposition that because Pearson was in uniform and wearing a badge during this incident his actions are considered to be under the color of the law, then a uniformed police officer would be considered to be under the color of the law at all times. Such a proposition is not supported by the case law cited by Plaintiff.

As the Tenth Circuit stated in *Jojola*, "it is the plaintiff's burden to plead, and ultimately establish, the existence of "a real nexus" between the defendant's conduct and the defendant's "badge" of state authority in order to demonstrate action was taken "under color of state law."" *Id.,* 55 F.3d at 494. Here, Plaintiff cannot do so. Pearson did not abuse his state authority to get access inside the dispatch center. This access was available to any police officer, and not just Pearson. Pearson did not abuse his authority in getting access to Plaintiff. Such access was available to any police officer because of the nature of Plaintiff's employment, and not just Pearson. Thus, Plaintiff's First Amended Complaint failed to allege a viable constitutional violation against Pearson and Chief Pacheco.

**B. Pearson's Act Was a Private Act and a Crime and Not Committed Under Color of Law.**

Pearson's actions against Plaintiff were an intentional, and criminal, tort. In *Jojola*, the Tenth Circuit stated that "private conduct that is not "fairly attributable" to the State is simply not actionable under 1983, "however discriminatory or wrongful" the conduct is." *Jojola*, 55 F.3d at 492 (citations omitted). Pearson's act of touching Plaintiff's breasts is not an act "fairly attributable" to the State, and Plaintiff does not cite a case where a Court found otherwise.

3

Plaintiff's citation to the Ninth Circuit case of *Anderson v. Warner*, does not support Plaintiff's position that "[s]tate action encompasses crimes and other illegal acts committed by government officials." Resp., p. 8; *Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006). That is because in order for Plaintiff's proposition to be true, Plaintiff must also show Pearson's conduct is sufficiently related "either to the officer's governmental status or to the performance of his official duties." *Id*. And in this case, Plaintiff cannot show so, because the alleged assault on Plaintiff was not related to Pearson's official duties or related to Pearson's governmental status.[2] Pearson, and any other police officer, had access to the dispatch center and to Plaintiff, because of Plaintiff's own official duties.

## C. Plaintiff's First Amended Complaint Failed to Allege an Equal Protection Violation.

In *Johnson v. Martin*, the Tenth Circuit specifically stated that "[t]ypically, liability under the Equal Protection Clause for sexual harassment in the workplace is predicated upon some authority that the wrongdoer has over the victim." *Johnson*, 195 F.3d 1208, 1217 (10th Cir. 1999), citing *Woodward v. Worland*, 977 F.2d 1392, 1400-01 (10th Cir. 1992). In *Noland v. McAdoo,* the Tenth Circuit stated "that the exercise of supervisory authority might not be the only way of satisfying the color of law requirement in § 1983 sexual harassment claims." *See Noland*, 39 F.3d 269, 271 (10th Cir. 1994). ("The parties agree . . . that in order to establish the state action necessary to support a § 1983 claim, [the defendant] had to be plaintiff's supervisor *or in some other way exercise state authority over her*.") (emphasis added). Finally, in *David v. City & County of Denver*, the Tenth Circuit "held that a police officer might be able to establish a § 1983 sexual

---

[2] Likewise, Plaintiff's citation to the Second Circuit case of *United Stated v. Giordano* also does not support Plaintiff's position that state action always encompasses crimes. *Giordano*, 442 F.3d 30 (2nd Cir. 2004). First, *Giordano* is an opinion pertaining to a conviction in the criminal case, and second, *Giordano's* inquiry focused on the facts that in that case the official "used his or her power to make the crime possible by causing the victim to submit." *Giordano*, 442 F.3d at 44. And this is not what happened here. Plaintiff was required to interact with Pearson as part of Plaintiff's own official duties and employment.

harassment claim against two fellow officers if they "had supervisory authority over her or in some other way exercised state authority over her." *David,* 101 F.3d 1344, 1354 (10th Cir. 1996).

The common theme among these Tenth Circuit cases is that in order for Plaintiff to sufficiently allege an Equal Protection violation, Plaintiff must sufficiently allege that Pearson was Plaintiff's supervisor, or that Pearson, in some other way, exercised state authority over Plaintiff. Plaintiff cannot allege that Pearson was Plaintiff's supervisor. But Plaintiff also failed to allege relevant and non-conclusory facts to show that Pearson had any authority over Plaintiff. As discussed in Section A, Pearson's access to Plaintiff was not due to Pearson's job, as any police officer had access to Plaintiff. It was because of Plaintiff's official duties. Moreover, Plaintiff was a supervisor in the dispatch center and nothing in the First Amended Complaint outlines in any detail what exact authority Pearson would have over Plaintiff. It is not alleged that Pearson had the power (i) to fire or hire Plaintiff; (ii) to subject Plaintiff to any disciplinary action; (iii) to do anything adverse to Plaintiff's employment all together, or even; (iv) to arrest or detain Plaintiff if she did not submit to Pearson's touching. Plaintiff's claim cannot rely on legal conclusions styled as factual allegations. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (explaining that the relaxed pleading requirements in Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). And in this case, Plaintiff cannot show via any relevant facts that Pearson had any authority over Plaintiff. Plaintiff's Equal Protection claim against

Pearson and Chief Pacheco fails.

**D. Plaintiff Failed to Allege a Viable Substantive Due Process Violation.**

In her Response, Plaintiff not only misinterprets the language of *Williams v. Berney*, 519 F.3d 1216 (10th Cir. 2008), but also misinterprets the substance of Chief Pacheco's argument. Resp., p. 10. Chief Pacheco never argued or suggested that Pearson should be afforded latitude as to his conduct of touching Plaintiff's breasts. Resp., p. 10; MTD, p. 6. What Chief Pacheco argued, using the language of *Williams*, is that Pearson was not authorized in his daily job as a police officer to inappropriately touch Plaintiff's body. And, Pearson did not use his status as a police officer to accomplish this touching. As argued in previous sections, Pearson did not gain access to Plaintiff because Pearson was a police officer. This access to Plaintiff was available for any police officer because of the nature of Plaintiff's employment. Thus, the specific assault tort associated with this touching does not constitute a Substantive Due Process violation because "what differentiates a constitutional transgression from an ordinary common law tort is a 'level of executive abuse of power . . . that . . . shocks the conscience.'" *Williams,* at 1220. Here, Plaintiff fails to allege this with relevant facts. Chief Pacheco also explained that the reasoning as to why "the court recognizes constitutional torts only "in the narrowest of circumstances"", *Becker v. Kroll*, 494 F.3d 904, 922 (10th Cir. 2007)*,* is because officials are usually given latitude in executing their official duties. This is why "claims under the right to bodily integrity are only available in very narrow circumstances, such as abortions, end-of-life decisions, birth control decisions and instances where individuals were subjected to dangerous and invasive procedures with personal liberty restrained." *See Moore v. Guthrie*, 438 F.3d 1036, 1039-40 (10th Cir. 2006). What occurred in this case does not qualify for this very narrow circumstantial exception. Thus, Plaintiff fails to allege a viable

Fourteenth Amendment claim against Pearson and Plaintiff's claim against Chief Pacheco based on alleged Fourteenth Amendment violation fails as a matter of law.

### E. Plaintiff Failed to Allege a Viable Fourth Amendment Unlawful Seizure Claim.

Plaintiff claims that the fact that Plaintiff eventually elbowed Pearson away is irrelevant to the Fourth Amendment Unlawful Seizure claim. Resp., p. 11. Plaintiff misinterprets *Torres v. Madrid*, 141 S. Ct. 989 (2021). Plaintiff attempts to argue that application of unwanted physical force to a body of a person is a seizure even if Plaintiff does not submit and is not subdued. Resp., 10-11. However, it is relevant as to whether a Fourth Amendment violation occurred and whether Plaintiff can sufficiently plead the necessary intent to restrain which is necessary to allege a viable constitutional violation. And, in this case, Plaintiff cannot plead such intent because generic conclusory allegations that such intent was present is not enough. Plaintiff's First Amended Complaint simply does not contain facts to support that Pearson attempted to restrain Plaintiff's freedom, or control Plaintiff's movement, or move Plaintiff somewhere else, all of which could provide some support to the allegation that Pearson intended to restrain Plaintiff in any way. The case law is clear, "force intentionally applied for another reason, does not satisfy the objective intent requirement." *Torres*, at 998.

In addition, the fact that Plaintiff elbowed Pearson away and walked away shows that a seizure never occurred because by elbowing Pearson and waking away, Plaintiff showed thar she was at liberty to leave at any time. See *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (A "seizure" occurs when police detain an individual under circumstances in which a reasonable person would believe he or she is not at liberty to leave.) Plaintiff's factually unsupported allegation of Unlawful Seizure fails.

### F. Plaintiff Failed to Plausibly Allege Chief Pacheco's Supervisory Liability.

Plaintiff's supervisory claim against Chief Pacheco fails based upon the sequence of events and the actual knowledge by Chief Pacheco. First, even if this Court accepts as true the generic allegations in Plaintiff's First Amended Complaint that Chief Pacheco knew about sexual harassment of dispatchers, or a trainee at the police department, it is important to note that knowledge that Defendant Black had about Pearson cannot be imputed to Chief Pacheco. Resp., p. 2; FAC, 30, 31-32, 100, 105, 106-107, 180-184. Moreover, even if Chief Pacheco had some knowledge of Pearson's prior[3] actions, Chief Pacheco addressed the allegations he had knowledge of by delegating the authority to handle the situation to Defendant Black. If, after instructing Defendant Black to take steps to address Pearson's conduct, Chief Pacheco did NOT hear about another complaint pertaining to Pearson, Chief Pacheco cannot be held responsible for failing to take additional steps to discipline Pearson. Chief Pacheco had no additional knowledge that Pearson's conduct continued. Plaintiff's First Amended Complaint does not allege that Chief Pacheco was aware of additional inappropriate conduct by Pearson against Plaintiff or anyone else after Chief Pacheco told Defendant Black to address this situation with Pearson. Thus, Plaintiff's First Amended Complaint failed to allege the required elements causation and state of mind to prove supervisory liability. If Chief Pacheco was not aware that Pearson's conduct continued, Plaintiff cannot support the allegation that Chief Pacheco "set [ ] in motion a series of event that [he] knew or reasonably should have known would cause others to deprive plaintiff of her constitutional rights." Resp., p. 12, citing *Burke v. Regalado*, 935 F.3d 960, 997 (10th Cir. 2019).

---

[3] Plaintiff failed to present any case law that would require Chief Pacheco to discipline Pearson for his private conduct and consensual relationship with another woman in the community. FAC, 196; Resp., 3.

Likewise, Plaintiff cannot show that under the objective reasonableness state of mind or any other state of mind, including deliberate indifference, that Chief Pacheco is liable to Plaintiff pursuant to supervisory liability. Once Chief Pacheco was aware of Pearson's conduct, Chief Pacheco pursued further action and ordered Defendant Black, Pearson's immediate supervisor, to address the issue with Pearson directly. If Chief Pacheco did not know that Pearson's conduct continued, then Plaintiff cannot allege the requisite state of mind element for supervisory liability.

Dated: September 19, 2023

KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
3773 Cherry Creek North Drive, Suite 900
Denver, Colorado 80209
Phone: 303-320-6100 Fax: 303-327-8601
Email: jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendant Rogelio Pacheco*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Azra Taslimi, Esq. [at@rmlawyers.com]
Felipe Bohnet-Gomez, Esq. [fbg@rmlawyers.com]
*ATTORNEYS FOR PLAINTIFF*

Marni Nathan Kloster, Esq. [MKloster@ndm-law.com]
Nicholas C. Poppe, Esq. [NPoppe@ndm-law.com]
*ATTORNEYS FOR DEFENDANT TOWN OF OLATHE*

James Kadolph, Esq. [jkadolph@sgrllc.com]
*ATTORNEY FOR DEFENDANT WESTERN COLORADO REGIONAL DISPATCH CENTER*

David J. Goldfarb, Esq. [djg@bhgrlaw.com]
*ATTORNEY FOR DEFENDANT GEORGETTE BLACK*

Peter H. Doherty, Esq. [peter@lasaterandmartin.com]
*ATTORNEY FOR DEFENDANT DAVID PEARSON*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name: N/A

*s/ Elizabeth Jackson*
Elizabeth Jackson, Paralegal
Kissinger & Fellman, P.C.